## THE STATE v. MUNZENMAIER.[*]

1. **Grand jury:** IRREGULARITY IN RECORD: BYSTANDERS. Where the record shows that the sheriff brought "into court fifteen good and lawful men to serve as grand jurors," eight of whom were different persons from those named in the precept, it is not error to overrule a motion, based on this condition of the record, to set aside an indictment found by such grand jury, when it appears that those returned not named in the precept were selected from the bystanders upon the failure of that number named in the precept to appear.

2. —— RECORD: NUNC PRO TUNC ORDER. And in such case a *nunc pro tunc* order may be made at a term subsequent to that at which the indictment was found, showing that the panel was thus filled.

3. **Intoxicating liquor:** EVIDENCE: INDICTMENT. Proof of the sale of intoxicating liquor at the place and within the time named is presumptive evidence of the commission of the offense in an indictment for nuisance, under the eighth section of the act for the suppression of intemperance (Rev. § 1564), which charges that defendant not only *kept* intoxicating liquor *with intent to sell*, but *sold* the same.

4. —— EVIDENCE. On the trial under an indictment based on said section, a witness stated that what he knew about the location of the building named in the indictment, he obtained from the record, but also testified, that, from his examination of the city plat, and his familiarity with the lots and blocks in the neighborhood of defendant's saloon, he was able to fix it upon the lot described. It was urged in an instruction offered by defendant, that, under these circumstances, the record was the best evidence and should have been produced. *Held*, first, that the record was not the best evidence. Second, that if it were, the question could not be raised for the first time in the instructions.

5. —— NUISANCE: AMOUNT OF FINE. In an indictment for nuisance under said section (1564 of the Revision) it is not necessary to show that defendant has been previously convicted, to justify a fine exceeding twenty dollars. Section 1562 of the Revision does not apply to a prosecution of this kind.

6. **Criminal law:** JUDGMENT BY AGREEMENT. The fact that there were several indictments pending in the court below against other defendants for a similar offense, and that, after a verdict of guilty was rendered in the case at bar, an agreement that the same entry should be made in the other cases, and the case at bar be appealed, and all the others abide the decision in it, does not invalidate the

conviction in the case actually tried. Whether the convictions entered in the other cases, pursuant to the agreement, would be valid, *quere*.

### Appeal from Polk District Court.

### WEDNESDAY, JANUARY 29.

DEFENDANT was indicted under the eighth section of "the act for the suppression of intemperance." At the July Term, 1866, of the Polk District Court, he was tried and convicted — fined $200, and now appeals. For further facts see the opinion.

*J. M. Ellwood* with *Finch, Clark & Rice,* for the appellants.

*Henry O'Connor,* Attorney-General, for the State.

WRIGHT, J. — 1. It appears that this indictment was found in January, 1866. In November, 1865, the clerk

**1. GRAND JURY: irregularity in record: bystanders.** issued his precept to the sheriff, commanding him to summon fifteen persons by name to serve as a grand jury for the year commencing the then next January. At the January Term, when this indictment was found, the record shows that the sheriff brought into court "fifteen good and lawful men to serve as grand jurors," eight of them being other and different persons from those named in the precept. Defendant moved to set aside the indictment, because the grand jury were not selected or summoned as required by law; because the sheriff had no precept, and because the sheriff returned other persons than those named in the precept. This motion, upon the evidence above stated, was overruled. In deciding it, however, the judge stated that he had a recollection, that, at the said January Term, several of the jurors drawn and summoned did not appear, and that their places were filled by the sheriff from the

bystanders, and the court thereupon upon its own motion and knowledge of the facts directed the clerk to make a *nunc pro tunc* order, showing in substance that eight of the persons named in the sheriff's precept failed to appear though called, and that the panel was filled by the sheriff by those named in the former order in connection with those who answered to their names. In this condition of the record it is objected that the court erred in over-ruling the motion to set aside the indictment upon the evidence offered before the entry of the *nunc pro tunc* order; that it was error to make that entry, and that with it the ruling was still erroneous.

What is meant by the objection that the sheriff had no precept, we do not understand. He had a precept fully complying with section 2733 of the Revision, and this very precept the defendant offered in evidence in support of his motion. The suggestion, in argument, that the sheriff failed to make any return of his doings under the process, is equally without force. The return itself was not called for, its sufficiency as such was not in issue, and if conceded it would make no difference. For, after all, the question is, whether there was such a departure from the law in the selection of the grand jury, as to justify the court in setting aside this indictment.

It is needless to inquire whether, without the aid of the corrected record, this motion should have been sustained. For, if properly made, it is but the entry, of record, of the facts as they existed at the time the motion was decided, and for the purpose of the present inquiry it must be treated as though then made. And if properly made the question is of easy disposition.

The objection to it is, that it was made at a subsequent term, and that this could only be done to correct an evi-

2. —— record: dent mistake (Rev. 2667). We do not, how-
*nunc pro tunc*
*order.* ever, understand that this order alters or

changes a prior one. It surely is not in conflict with it, but rather explains it. The sheriff, it will be remembered, brought into court fifteen men. But how? Not necessarily upon his precept. Not only so, but we cannot say, all the facts being before the court, but that the mistake, if one, was evident; just such as the law contemplates may be amended or altered. Without the correction we think the motion was properly overruled. With it, there is no semblance of error.

II. The instructions given and objected to are, for the most part, identical with those passed upon in *The State*
3. INTOXICAT-ING LIQUOR: evidence: indictment. v. *Baughman* (20 Iowa, 497); *Same* v. *Guisenhause* (id. 228); *Same* v. *Carny* (id. 82). In addition to what is said in those cases, we remark that the indictment charges that defendant not only *kept* intoxicating liquors *with intent to sell*, but *sold* the same, at the place named. An instruction, therefore, that proof of the sale at the place and within the time named is presumptive evidence of the commission of the offense charged, is in the exact language of the statute. Whether proof of the *sale* would be presumptive evidence of the *intent to sell*, we need not inquire. And that this is the correct view of the record is further shown by defendant's first instruction which was given, and which charged that there could be no conviction "without proof of the *sale* or keeping *with intent to sell*."

A witness, without objection, stated, that, what he knew about the location of the building named in the indict-
4. —— evidence: instructions. ment, he obtained from the record, and yet testified, that, from an examination of the city plat, and his familiarity with the location of lots and blocks in the neighborhood of defendant's saloon, he was able to fix it upon the lot described. An instruction under such circumstances, that the record was the best evidence, and should be produced, otherwise defendant

must be acquitted, was very properly refused. It is not the best evidence in the first place, and if it was, the question could not be made for the first time in the instruction.

III. Defendant was fined two hundred dollars. It is now objected that there was no evidence, that this was a third

5. ——
nuisance :
amount of fine.
or other than a first conviction, and that therefore, under the law, the fine could not exceed twenty dollars. The indictment, however, is under section eight, and not section six of the act, and in it there is nothing said about a first, second or third conviction. Offenders thereunder are guilty of a nuisance, and may be prosecuted and punished, in the manner provided by law.

IV. It seems that there were eight other cases pending in the District Court, against other defendants for a similar

6. CRIMINAL
LAW :
judgment by
agreement.
offense. This and one other were tried — verdicts of guilty returned, and then it was agreed that the same entries should be made in the others; that this case should be appealed, and all the others abide the decree in this. Counsel now suggest, upon the authority of *Cancemi* v. *The People* (18 N. Y. 128), that the judgments thus entered by agreement, without trial or conviction, are utterly void, and asks us to so decide. The only case before us, however, is that against the one defendant Munzenmaier, who was regularly tried and convicted. What course may be taken with the other judgments, in view of the objection above suggested, we have no means of knowing. It is sufficient to decide the case before us, and it will be time enough to dispose of the others when properly appealed, if in fact any thing shall remain for determination, in view of the agreement and the order now made that this judgment stand

Affirmed.