### THE STATE OF IOWA v. GARHART.

Grand jury: FILLING OF. If, by reason of challenges sustained to individual jurors, or from any other cause, the grand jury becomes reduced to a less number than fifteen, it is the duty of the court to order the panel to be filled by the sheriff summoning a sufficient number for that purpose from the body of the county.

*Appeal from Cherokee District Court.*

SATURDAY, DECEMBER 8.

AT the June term, 1872, of the district court eleven of the regular grand jurors appeared and answered to their names upon being called, whereupon the court ordered the sheriff to fill the panel, which was done by summoning four others; and it appearing that the defendant was held to appear at the then term of court on a charge of embezzlement, he was called and appeared in person and by attorney, and challenged nine of the grand jurors then in the box, which challenges were sustained by the court, leaving only six grand jurors qualified to act as such upon the case of defendant. The district attorney thereupon moved the court to order the sheriff to summon a sufficient number of competent grand jurors, from the body of the county, to fill the panel for the purpose of inquiring into the charge upon which the defendant was held to appear.

The court overruled the motion, and ordered the defendant to be admitted to bail to await the action of the grand jury. The grand jury as at first formed was then sworn, charged and directed to retire for deliberation upon such business as should come before them. The State appeals.

*M. E. Cutts*, attorney-general, for the State.

*Eugene Cowles* for the appellee.

MILLER, J. — The number of grand jurors required by the statute to be drawn and summoned to serve as the grand jury of any county is fifteen qualified persons. Rev., § 2732, as amended by ch. 167, Laws of 1870. The statute further provides: "At the time of a term of court at which grand jurors are required to appear, the panel shall be called, and the names of grand jurors who appear shall be entered of record. If fifteen grand jurors do not appear, or if the number appearing be reduced *from any* cause, either then or afterward, to less than fifteen, the court may order the sheriff of the county to summon a sufficient number of qualified persons to complete the panel." Rev., § 4609.

"A defendant held to answer for a public offense may challenge the panel (of the grand jury) or any individual juror." Rev., § 4611. "If a challenge to an individual juror be allowed, he (the challenged juror) shall not be present at or take any part in the consideration of the charge against the defendant." § 4617.

The allowance of challenges to individual grand jurors would reduce their number below fifteen, and the allowance of four or more challenges (as in the case before us, nine challenges being allowed) would reduce the number below twelve, the number required to find an indictment. § 4645.

Section 4609, first above set out, provides a method whereby the panel of the grand jury may be filled and kept full for the legal and proper transaction of the business which may lawfully come before them; *first*, when the number drawn to serve as grand jurors do not appear; and, *second*, when the number appearing shall be reduced from any cause, either then or afterward, to less than fif-

teen. In either event the court is authorized to order the sheriff to summon a sufficient number of qualified persons to fill the panel. In this case the court exercised this power by ordering the sheriff to fill the panel upon the failure of four of the grand jurors to appear when their names were called. The same power is conferred on the court to order the panel filled when the same is reduced below fifteen for any cause, either upon first appearance or afterward. This was so held in *State* v. *Mooney*, 10 Iowa, 506, under section 2881 of the Code of 1851, which was in substance the same as section 4609 of the Revision. In *Norris House* v. *The State*, 3 G. Greene, 513, it was further held under that section of the Code of 1851 that it was the *duty* of the district court, when a challenge is allowed to an individual grand juror, to order another juror to be summoned in the place of the one discharged, and that an indictment found by the remaining fourteen jurors was bad. In *The State* v. *Ostrander*, 18 Iowa, 435–441, the decision in *Norris House* v. *The State, supra*, is approved in so far as it holds that the court below should impanel fifteen grand jurors, and keep the panel full when a juror is discharged; but doubted the correctness of the holding that an indictment found by fourteen grand jurors is invalid.

If the panel of the grand jury should be reduced by challenges to individual jurors or by sickness or death, or any other cause, to less than twelve, no valid indictment could be found by the remaining jurors (*The State* v. *Ostrander, supra*), and hence the statute has provided for keeping the statute full in such cases by summoning a sufficient number of competent persons for that purpose.

The district court, therefore, erred in refusing to sustain the motion of the district attorney, and in refusing to order the panel of the grand jury to be filled after having sustained challenges to nine of the jurors.

Reversed.