## The State v. Miller and Kremling.

1. **Criminal Law:** GRAND JURY: INCOMPLETE PANEL. Where a part of the grand jury drawn fail to appear it is competent for the court, · under section 4256 of the Code, to orally direct the sheriff to summon a sufficient number to complete the panel. Section 244, requiring a second precept to issue, applies only to a case where the entire panel are absent or illegally drawn.

2. ———: JURY: PRACTICE. Where the defendant in a criminal action fails to have the names of the jury called, and an attachment issue against those who are absent at the time the indictment is called for trial, as provided in section 4391 of the Code, he waives the right to make objections on the ground of such absence during the progress of the trial.

3. ———: SALE OF INTOXICATING LIQUORS: BURDEN OF PROOF. The burden rests upon one indicted for the sale of intoxicating liquors in violation of law, to prove that liquors shown to have been sold by him were of a kind excepted by the statute from the prohibition.

4. ——: ———: EVIDENCE. The statement of the seller, made at the time of the sale, that the liquor sold was native wine is not admissible as evidence in his behalf.

5. ——: ———: ———. The opinion of a witness as to the kind of liquor which he bought of the defendant and drank is competent.

6. ———: PRACTICE: JUDGMENT. The objection that judgment was not pronounced upon a defendant, convicted of a crime, until the ensuing term after the trial, will not be considered in the absence of a showing of the reason for the continuance, or of exceptions taken to the order at the time it was made.

*Appeal from Hardin District Court.*

WEDNESDAY, MARCH 17.

THE defendants were indicted for the crime of nuisance in erecting and using a building for the unlawful sale of intoxicating liquors, and upon conviction, sentenced to pay a fine of $100 each. They now appeal to this court. The facts of the case involved in the points ruled appear in the opinion.

*Fred. Gilman,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

BECK, J.—I. Upon the calling of the grand jury at the term when the indictment was found, eight jurors did not appear, and were excused. Thereupon the court orally directed the sheriff to fill up the panel, who proceeded to call from the bystanders the number of persons required. No written order or process was issued to the officer. The defendant, at the proper time, moved to quash the indictment on the ground that the grand jury was not legally drawn, summoned and impaneled. The facts above stated constitute the grounds of this motion. Counsel insist that in such cases the law requires a precept to be issued, commanding the sheriff to summon the necessary talesmen from the body of the county. He relies upon Code, section 244, to support his position. It is as follows:

*1. CRIMINAL law: grand jury: incomplete panel.*

" Where, from any cause, the persons summoned to serve as grand or trial jurors fail to appear, or when, from any cause, the court shall decide that the grand or trial jurors have been illegally elected or drawn, the court may set aside the precept under which the jurors were summoned, and cause a precept to be issued to the sheriff commanding him to summon a sufficient number of persons from the body of the county to serve as jurors at the term of the court then being holden, which precept may be made returnable forthwith, or at some subsequent day of the term, in the discretion of the court."

This section provides for the case when the jurors summoned fail to appear. It provides no direction when a part of these jurors fail to attend. Such provisions are found in section 4256, which is in the following language:

" At a term of court at which grand jurors are required to appear, the panel shall be called, and the names of the grand jurors who shall appear shall be entered on the record. If fifteen grand jurors do not appear, or if the number appearing be reduced from any cause, either then or afterwards, to less than fifteen, the court may order the sheriff of the county to

summon a sufficient number of qualified persons to complete the panel."

The provisions are in entire harmony. A precept is to be issued where there is a failure to attend by all the jury. If a part of the jury be absent the court may order the sheriff to summon a sufficient number to complete the panel. The respective statutes contemplate different facts and circumstances. The case before us falls within the provisions of the section last quoted. It does not provide that a precept shall be issued.

The sheriff, in this case, was orally directed to fill the panel. The order upon which this direction was based, we will presume, was entered of record, for doubtless the law so requires and the record before us does not show to the contrary.

The provisions above quoted are copied from the Code of 1873, section 244, being section 2739 of the Revision, and section 4256, being section 4609 of the Revision. Under these statutes it has been the uniform practice, so far as we are advised, to fill the panel when a part of the jurors do not appear in the manner described by the record in this case.

Section 1647 of the Code of 1851 is substantially the same as section 4256 of the Code of 1873, and section 6, chapter 133, acts of Seventh General Assembly, corresponds in substance with section 244 of the Code now in force. It was held by this court that the act of the Seventh General Assembly, just cited, was not in conflict with section 1647 of the Code of 1851, the first applying to the case where all of the jurors did not appear, and the last to the case where a part only were absent. *State v. Pierce*, 8 Iowa, 231.

The question we have considered has not been passed upon in other decisions of this court. The following cases may have some bearing upon it: *The State v. Garhart*, 35 Iowa, 315; *The State v. Brandt*, 41 Iowa, 593; *The State v. Reid*, 20 Iowa, 413; *The State v. Munzenmaier*, 24 Iowa, 87.

We conclude that the District Court did not err in overruling defendants' motion to quash the indictment.

The State v. Miller and Kremling.

II. Four of the petit jurors were absent; one of them being excused by the court. From the number appearing a jury was called; thereupon defendant challenged the array upon the ground that it was made up from the jurors in attendance and not from all summoned to appear at the term. Defendant's objection to the array was overruled. Code, section 4391, provides as follows:

2. ——: jury: practice.

" When the indictment is called for trial, and before drawing the jury, either party may require the names of all the jurors in the panel to be called, and that an attachment issue against those who are absent, but the court may, in its discretion, wait or not for the return of the attachment."

This provision points out the course to be pursued by a defendant when all the jurors summoned do not appear. The objection must be made before the jury is called. In failing to pursue this course defendant waived the objection.

III. After other jurors were called to take the place of those challenged, one of the number in attendance as jurors was excused, and thereupon a talesman was called. Defendant peremptorily challenged this juror for the reason that he was not one of the number originally summoned. But defendant waived his right to demand that the jury be called from the whole number summoned, as we have just seen. He should have demanded an attachment for the absent jurors at the time prescribed in the section just quoted.

IV. A juror was challenged for the reason that he served as a trial juror at the last term of the court. But the record fails to show that this "last term" was within one year of the trial. If he had not so served within that time, he was a competent juror. Code, section 239. It rested upon defendant to sustain his objection by showing that the former service of the juror was within a year.

V. The court instructed the jury that the burden of proof rested upon defendant to show that the wine sold was made from fruits grown in this State. The instruction is correct. State v. Curley, 33 Iowa, 359.

3. ——: sale of intoxicating liquors: burden of proof.

The State v. Miller and Kremling.

VI. Another instruction informed the jury that declarations of the defendants made at the time the wine was sold, that it was native wine, are not competent and sufficient to establish such facts. It can hardly be claimed that the declarations of ·the criminal made in the very act of the crime are competent in his behalf, unless such declarations are of the *res gestœ*.

VII. A witness testified that he bought and drank in· defendants' saloon what, in his opinion, was whisky. Counsel insist that an opinion can only be given by an expert, and that it was not shown that this witness was an expert as to liquors. As we understand the evidence, the witness in using the language objected to by counsel expressed his belief that what he drank was whisky. He may have been honest and not unduly cautious in his expression, for doubtless the compounds sold under the various names given intoxicating liquors may not always be readily distinguished. But by the qualities that produce drunkenness and destruction of health they may be known, without a doubt.

We think a man who resorts to a saloon for intoxicating drinks may be presumed to be qualified to express an opinion as to the liquor supplied him. We doubt not that an opinion as to the character of food or drink may be expressed by a witness who uses them.

VIII. The last day of the term was fixed for pronouncing judgment against defendants; but on that day the cause was continued for judgment to the next term, when judgment was entered. It is now insisted that this was error. It is not shown for what reason the cause was continued. In the absence of such showing we will presume it was done for good cause, as upon the consent or request of defendant, or the like. This we can surely do in view of the fact that no objections or exceptions were taken to the order when it was entered. We cannot now entertain objections to it.

We have considered all points made by defendants in argu ment, and find no error in the record. The judgment is, therefore,

AFFIRMED.