THE STATE v. CLOUGHLY.

1. **Intoxicating Liquors:** NUISANCE: PHARMACY: EVIDENCE.    In a prosecution for nuisance against a pharmacist, under the prohibitory liquor law, there was evidence tending to show at least one sale of liquor before the date of the pharmacist's permit to sell, and other sales, after the date of the permit, which were not for the actual necessities of medicine.    *Held* that under this evidence this court could not say that a verdict of guilty was not supported by the evidence.

2. ———: BEER: INTOXICATING QUALITIES: BURDEN OF PROOF. Beer is included by the statute among intoxicating liquors; and where, upon a call for beer, a pharmacist sells liquor to a customer, he has the burden to prove that it was not intoxicating, if he so claims.

3. ———: SALE BY PHARMACIST: PRESCRIPTION BY PHYSICIAN. If it be conceded that a practicing physician may lawfully dispense intoxicating liquors to a patient in the course of his practice, such right would not extend to the sale by him, as a pharmacist, of such liquors to one who is not his patient, and for whose maladies he has not prescribed the liquors.

4. ———: ———: LAWFULNESS OF SALES: BURDEN OF PROOF. Where sales of intoxicating liquors in a pharmacy are proved, the burden is on the pharmacist to show that they were lawful; prohibition being the rule, and the privilege of selling for special purposes being in the nature of an exception.

5. ———: ———: DRINKING ON PREMISES: EVIDENCE.    In this case, the court instructed that, if it was proved that persons drank intoxicating liquors in defendant's pharmacy, that fact would be presumptive evidence that the liquors had been unlawfully sold or given to the parties by defendant.    *Held* correct, under Chap. 83, Laws of 1886.

*Appeal from Audubon District Court*—HON. H. E. DEEMER, Judge.

WEDNESDAY, DECEMBER 21.

THE defendant was convicted of the crime of nuisance by the verdict of a jury, and the court pronounced judgment imposing upon him a fine of $500.

*John M. Griggs* and *Theo. F. Myers*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

The State v. Cloughly.

REED, J.—It is charged in the indictment that defendant kept a building and place in which he kept intoxicating liquors, with the intent to sell the same contrary to law, and in which he sold liquors contrary to law. The indictment was entered on the 27th day of August, 1886, and it alleged that the offense was committed on the 1st day of that month. The defendant is the proprietor of a drug store. He is also a registered pharmacist; and on the 9th day of June, 1886, the board of supervisors of the county issued him a permit to buy and sell intoxicating liquors for "the actual necessities of medicine."

I. It is first insisted that the verdict is not supported by the evidence. There was evidence, however, which tended

1. INTOXICAT-ING LIQUORS: nuisance: pharmacy: evidence.
to prove at least one sale of whisky in defendant's drug store before the date of his permit. It is true that the sale was not made by defendant in person, but the jury might well have found that it was made from his stock, and by a clerk in his employ. At that time defendant had no authority to sell liquors for any purpose. The sale was unlawful, and the jury might have found from the evidence that it was made by the clerk in the ordinary course of his employment. There was also evidence which tended to prove numerous sales after the permit was granted, some of which the jury might have found were not for "the actual necessities of medicine." It was proven that on one occasion a person applied to defendant to purchase a

2. ———: beer: intoxicating qualities: burden of proof.
bottle of beer, and that defendant sold and delivered to him a bottle of liquor which had the appearance of beer. The customer, who was examined as a witness on the trial, was not able to testify with certainty that the liquor in the bottle was beer. It is insisted that there was not sufficient evidence either as to the kind of liquor sold, or that it was intoxicating. As the defendant, by delivering it to the customer in answer to his request for beer, represented it to be that kind of liquor, the presumption as against him is that it was beer, and the stat-

ute classes beer as an intoxicating liquor. (Chap. 8, Acts Twentieth General Assembly.) If there are kinds of beer not in fact intoxicating, the burden was on defendant to show that the beer in question was of that kind, if he claimed such to be the fact. It is clear that we ought not to disturb the judgment on this ground.

II.   Defendant offered to prove that he is a practicing physician, and that he was engaged in the general practice of his profession at the time of the transactions in question. His counsel stated, when this offer was made, that he would follow it with proof that the sales in question were made by him in the course of his practice as a physician; but the evidence was excluded. It may be conceded, for the purpose of the case, that a physician who, in the course of his practice, should find that his patient required intoxicating liquors, might lawfully dispense such liquors to him. That, however, does not appear to have been the character of the transaction in question. The liquors were dispensed, not upon the judgment of the physician as to the needs of his patients, but upon the demands of the customers; that is, they did not apply to defendant for medical treatment of their diseases, and leave it to him to determine what remedies should be administered, but determined for themselves that whisky or beer was the proper remedy for their maladies, and applied to him to supply it. The transactions on his part were commercial, rather than professional.

3. ——: sale by pharmacist: prescription by physician.

III.   The district court instructed the jury that, on proof of the sale of intoxicating liquors in defendant's place of business, the burden would be on him to prove that the sales were lawful. The instruction is right. The sale of intoxicating liquors is forbidden by the statute. It permits the sale, however, for special purposes, by persons holding permits to sell for those purposes. The privilege of selling for those purposes is in the nature of an exception; prohibition being the rule of the statute.

4. ——: ——: lawfulness of sales: burden of proof.

Defendant claims that his sales were within the exception, and the burden is on him to prove that fact. (1 Greenl. Ev., § 79.)

IV. The court also directed the jury that, if it was proven that persons drank intoxicating liquors in defendant's pharmacy, that fact would be presumptive evidence that the liquors so drank had been unlawfully sold or given to the party by defendant. It is expressly provided by Chap. 83, Acts Twenty-first General Assembly, that the fact of drinking intoxicating liquors in the place of business of a registered pharmacist shall be regarded as presumptive evidence of the unlawful sale of the liquors.

**5.** _____:_____: drinking on premises: evidence.

We have found no error in the record.          AFFIRMED.