## THE STATE v. BENADOM.

**Intoxicating Liquors:** DISPENSATION BY PHYSICIAN TO PATIENT: NUISANCE. A practicing physician has no right, by virtue of his profession, to dispense intoxicating liquors to his patients for the purposes of medicine, unless he holds a permit to deal in such liquors; and for so doing he is liable to indictment and punishment for nuisance the same as any other person.

*Appeal from Jones District Court.*—Hon. James D. Giffen, Judge.

FILED, JANUARY 25, 1890.

DEFENDANT was indicted and tried for the crime of nuisance. He was convicted, and adjudged to pay a fine of three hundred dollars and costs. From this judgment he appeals.

*J. W. Jamison*, for appellant.

*John Y. Stone*, Attorney General, and *F. O. Ellison*, County Attorney, for the State.

ROBINSON, J.—The evidence shows that defendant is a physician, authorized to practice medicine. There is some evidence tending to show that he sold intoxicating liquors contrary to law, but the questions involved in this appeal have been reduced to one, which is stated by counsel for appellant to be "whether a practicing physician in this state has the right to dispense as medicine, to a patient, in good faith, according to his needs, intoxicating liquors." The question was raised, but not determined, in *State v. Cloughly*, 73 Iowa, 628. Chapter 75 of the Laws of 1880 was enacted to regulate the sale of medicine and poisons, and section 12 thereof contained the following: "This act shall not apply to physicians putting up their own prescriptions." That provision was repealed by section 4, chapter 83, of the Laws of 1886, and the following was enacted in lieu of it, to-wit: "Physicians dispensing their own prescriptions only are not required to be registered pharmacists." The claim of appellant seems to be that, since the acts of the general assembly relating to the practice of pharmacy provide for the sale of intoxicating liquors by pharmacists, and the provision quoted is found in one of those acts, it, in effect, constitutes physicians exceptions to the general rule, and authorizes them to sell intoxicating liquors to their patients,

if they are prescribed in good faith, for medicinal purposes. Section 1523 of the Code provides that "no person shall manufacture or sell, by himself, his clerk, steward or agent, directly or indirectly, any intoxicating liquors," excepting as thereinafter provided. There is no provision excepting physicians from the effect of that section, unless it be that part of the act of 1886 which we have quoted. That does not in terms confer upon physicians the right to sell intoxicating liquors, even though prescribed by them as medicine. It should be construed in connection with section 2 of the same act, which provided that "pharmacists  *  *  * shall have the sole right to keep and to sell, under such regulations as have been or may be established from time to time by the commissioners of pharmacy, all medicines and poisons, including intoxicating liquors, only for the actual necessities of medicine: provided, that such pharmacists shall have procured permits therefor, as hereinafter prescribed." The permits referred to were for the sale of intoxicating liquors. It may be conceded that the provision of section 4 of the act of 1886, quoted, authorized physicians who were not registered pharmacists to dispense their own prescriptions which contained medicines and poisons which registered pharmacists were authorized to keep and sell; but it did not authorize such physician to dispense intoxicating liquors, for the reason that registered pharmacists, as such, had not that right. Before they could acquire it, they were compelled to obtain permits, by complying with certain statutory requirements. But the act of 1886 was amended, and various portions of the statutes previously existing were repealed, by chapter 71 of the Laws of 1888. That provides that after it should take effect "no person shall  *  *  * sell, keep for sale, give away, exchange, barter or dispense any intoxicating liquors, for any purpose whatever," otherwise than is provided in that act. It also provides that registered pharmacists may obtain permits by pursuing the method pointed out,

and that holders of such permits shall "be authorized to sell and dispense intoxicating liquors for pharmaceutical and medicinal purposes, and alcohol for specified chemical purposes, and wine for sacramental purposes, but for no other purposes whatever." The language of the statute is plain. No one not holding a permit as therein provided has any right to sell or dispense intoxicating liquors for any purpose. Physicians not holding such permits are among those prohibited from selling and dispensing such liquors. The judgment of the district court is

AFFIRMED.