## STATE OF IOWA V. JOE SPIERS, Appellant.

**Instructions:** INTOXICATING LIQUORS. Where defendants were proved to have received a car load of a beverage that was billed as mineral water, but was contained in ordinary beer kegs, and witnesses testified that they drank of it, and that it was beer, and the defendants offered no testimony, and the court charged the jury that the burden was upon the state to show beyond a reason- able doubt that the defendants sold intoxicating liquors, the fail- ure of the court to specifically instruct the jury that the defend- ants' claim was that the beverage was mineral water, and not intoxicating, was not error.

**E.idence:** CONDITIONAL ADMISSION. In a prosecution for liquor selling, a witness was permitted to testify concerning sending an agent to defendants' place, upon the condition that the state should prove that whatever was obtained by the agent was obtained at defendants' place. When the state failed to show the required facts, the testimony, in regard to the agent, was stricken out. *Held,* no error.

**Trials:** QUESTIONING WITNESS BY JUDGE. Where, in a criminal prosecution, the state's witnesses show a disposition to evade giv- ing direct answers, and to equivocate, and the questions of the state's attorney are not well calculated to develop material facts it is not error for the trial court to question the witnesses and compel answers.

*Appeal from Sioux District Court.*—HON. JOHN F. OLIVER, Judge.

WEDNESDAY, DECEMBER 15, 1897,

THE defendant Spiers was convicted of the crime of nuisance, alleged to have been committed by maintaining a building and keeping therein for sale and selling therein intoxicating liquors, in violation of law, and appeals from that judgment, which required that he pay a fine and costs.—*Affirmed*.

*Geo. W. Argo* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

ROBINSON, J.—I. The appellant and one Carl Kroll were indicted and tried jo'ntly for the crime of nuisance, but Kroll was acquitted. The appellant complains that he was not given a fair and impartial trial, for the alleged reason that the trial judge asked numerous questions of witnesses, made objectionable remarks, and took such an active part in the trial in behalf of the state as to prejudice the appellant. The record shows that the trial judge interrogated different witnesses, and that the questions he asked were frequently more direct and better answered than were those asked by the county attorney. But an additional abstract, filed in behalf of the state, and not denied, shows that many of the claims of error made by the appellant are based upon a misapprehension of the record. Several of the witnesses for the state showed a disposition to evade giving direct answers, and to equivocate; and the questions of the county attorney were not in all cases well calculated to develop material facts, and the questions and rulings of the court were of a character to prevent evasions, and compel the witnesses to disclose the truth. A trial court should not, as a rule, interfere with the examination of witnesses when the examination is being fairly conducted, unless

to rule upon objections and motions. But the trial court is not required to remain silent when unwilling witnesses persist in such a course as will conceal the truth, and make the trial a travesty of justice. We do not find that the district court exceeded the power which rightfully belonged to it, in assisting in the examination of witnesses, and in compelling answers.

II. It is claimed that the court erred in permitting objectionable questions asked Mrs. Farrand to be answered. The state sought to prove by her that she had sent an agent to the place where the defendants were doing what was claimed to be an illegal business, and that he procured something there for her. What was thus procured, if anything, is not shown, and the court permitted questions of which complaint is made to be asked and answered only on condition that the state should prove that whatever the agent delivered to the witness was obtained at the place kept by the defendants; and, when it became apparent that the required fact would not be shown, the evidence in regard to the sending of the agent to the place specified was stricken out. No evidence which could have prejudiced the defendant was given by the witness, and nearly all of what she said was withdrawn from the jury. There was nothing in her examination of which the appellant can justly complain.

III. The appellant complains that the court did not submit to the jury his theory of the case, which was that the beverage sold at the time and place in question was mineral water only, and not intoxicating. The beverage was kept and sold on the fourth day of July, A. D. 1896, in a temporary structure erected for the day. A car load of what was billed as mineral water, but which was contained in ordinary beer kegs, was delivered to the defendant on the preceding day. Witnesses who drank of the beverage testified

that it was beer, although some of them stated that it was of a poor quality, and it was shown that the appellant was responsible for the sales. No evidence was offered by the defendants. The court charged the jury that the burden was on the state to prove beyond a reasonable doubt the maintaining of the building, and the keeping therein for sale of intoxicating liquors by the defendants; and that, if the jury had a reasonable doubt as to the guilt of either or both of the defendants, then it should find such defendant or defendants, as the case might be, not guilty. It was not claimed that the defendants had any legal right to sell any intoxicating liquor at the time and in the place in question. Proof that they sold beer was *prima facie* evidence that they sold an intoxicating liquor, and the burden was on them to show, if they could, that it was not intoxicating. *State v. Cloughly*, 73 Iowa, 626. We do not think it was necessary, under the circumstances stated, for the court to instruct the jury specifically that the defendants claimed that the beverage sold was mineral water, and that it was not intoxicating. So far as those claims were made by the defendants and supported by evidence, they were as apparent to the jury as to the court, and under the plea of not guilty entered by the defendants, and the charge of the court, could not have escaped due consideration by the jury. We conclude that the evidence is ample to sustain the verdict, and that no error prejudicial to the appellant was committed during the trial. The judgment of the district court is AFFIRMED.