LEWIS ROUNDS v. J. J. ALEE, Appellant.

116    345
139    303

**Land Sale Commissions:** LAND OWNED BY WIFE OF PRINCIPAL. A real estate agent, who pursuant to contract, finds a purchaser for land, is entitled to the stipulated commissions from his principal, though the latter does not own the land himself, and the title is in his wife's name.

CONTRACT CONSTRUED: *Finding buyer or selling.* In an action for commissions for finding a purchaser for land, plaintiff testified: That in his last conversation with defendant he asked "if the farm was still for sale," and that defendant said "Yes," and "If you want a dollar commission you have got to sell it for $36." That there was to be a payment of "$1,000; such a matter; $800." That defendant said "all he cared about was for a small payment. * * Nothing was said about the time." "I was to furnish him a buyer, and was to have and hold it for sale for $36 an acre, and there was to be $1,000 paid,—a small payment," etc. *Held,* sufficient to warrant a finding that the agreement contemplated the finding of a purchaser by plaintiff rather than a sale by him; the jury being authorized to conclude that the amount of cash payment and the time of payment were not definitely fixed.

INDUCEMENT OF PURCHASE: *Held jury question.* Plaintiff testified that he had a conversation with the purchaser about three weeks before the latter bought the land, in which he invited him to look it over, and that on the day of sale he advised him that he had some parties out to look at it, and if he wished to buy it he had better do so at once, etc. This testimony was corroborated by others. The purchaser the same evening bought the land. Defendant in making the sale, knew nothing of what plaintiff had done. He had, himself, spoken to the purchaser about buying the property about a year before, but negotiations were not pending at the time, and he was in-

formed at the time that no one had influenced him to buy. *Held*, to make a question for the jury, whether plaintiff had induced the purchase so as to entitle him to commissions, and a verdict for him was sustained.

*Recovery.* Plaintiff was entitled to his commissions if he found the purchaser, even though defendant did not know that plaintiff sent the purchaser to him.

*Same.* The fact that defendant had other agents was immaterial, it not being contended that they had been instrumental in the sale.

EVIDENCE: *Admissions of defendant.* Statements of defendant made in a conversation subsequent to the transaction were admissible in evidence.

**Revenue Tax.** *Real estate agent.* A real estate agent doing nothing by way of negotiating "purchase or sale of securities," is not required by the United States revenue laws to pay a tax.

*Court may direct witness not to state conclusions.* It is not abuse of discretion for the court to ask pertinent questions calculated to impress a party on the witness stand with the necessity of stating what was said in a certain conversation, rather than giving his conclusions.

*Appeal from Buena Vista District Court.*—Hon. W. B. Quarton, Judge.

Saturday, April 12, 1902.

The defendant appeals from a judgment for a commission alleged to have been earned in finding a purchaser for land.—*Affirmed.*

*I. W. Bane* for appellant.

*M. E. Mack* for appellee.

Ladd, C. J.—I. It is immaterial who owned the land. If, in pursuance of a contract with defendant so to do, plaintiff found a purchaser, to whom it was sold and conveyed, he is entitled to the commission stipulated. Hence the defendant cannot avoid liability on the ground that title was in his wife's name.

II.   But it is said the contract was to sell, and not to find a purchaser. At the most, this was a question for the jury.   They had talked about the matter in 1898 and in June, 1899.   Concerning the last conversation, plaintiff testified: "I asked him if the farm was still for sale.   He said, 'Yes;' and he said: 'If you want a dollar commission, you have got to sell it for $36.   The farm has gone up a little.   It has got to net me $35.' "   On cross-examination:   "Q.   How about payment?   Was it to be cash?   A. Why, he (Allee) said he would not care for small payments.   Q.   How much?   A.   $1,000; such a matter; $800.   Q.   Was there to be anything more to be paid, except $1,000?   Was it to be cash?   A.   He said all he cared for was a small payment.   *   *   *   Nothing was said about the time I was to furnish him a buyer, and was to have it and hold it for sale, and sell it for $36 an acre, and there was to be $1,000 paid,—a small payment."   From this the jury might have concluded that the amount of the cash payment was not definitely fixed, nor the rate of interest on deferred payments, nor the times payable, and, if so, that the agreement contemplated the finding of a purchaser, rather than a sale, by plaintiff.   See *Ford v. Easley,* 88 Iowa, 603.

III.   The plaintiff testified that he had a conversation with Gravesen about three weeks before the latter bought the land, in which he invited him to look it over, and that on the day of the sale he advised Gravesen that he had some parties out to look at it, and if he wished to buy it, he had better do so at once; "that he had better go down to Mr. Allee and buy that farm, if he ever intended to buy it."   This was corroborated by other witnesses.   Gravesen shortly afterwards, in the same evening, bought the land at $36 per acre, executing his note for $600, payable in 30 days, and entering into a contract to pay the balance March 1st following without interest.   Defendant, in making the sale, knew nothing of what plaintiff had done.   Indeed, he

had spoken to Gravesen about buying the land a year before, and repeatedly afterwards, and was informed by him at the time of the sale that no one had influenced him to buy the land. But negotiations between them for the purchase were not pending. We think the evidence fairly presented the question whether plaintiff procured Gravesen to purchase the land. The attempts of the defendant had been futile, and the talk of plaintiff may have persuaded him, and have been the efficient cause in determining him to buy.

IV. The fact that defendant did not know Gravesen had been sent to him by plaintiff is not controlling. It was no part of the contract. All he was to do was to find a purchaser who was ready, able, and willing to buy, or would in fact buy; and if he did, the contract was fulfilled, regardless of defendant's information of what he had done. Appellant relies on *Blodgett v. Railway Co.,* 63 Iowa, 606; but in that case the alleged agreement with the agent was that he sell the land, not merely find a purchaser; and it was held that when a purchaser is produced by the agent, and the principal, knowing this, sells to him on the terms proposed, the agent is entitled to his commission, but otherwise if the principal act without such knowledge. This is on the theory that the principal, by interfering, prevents the agent from completing his undertaking, and therefore must respond the same as though he had done so. *Boyd v. Watson,* 101 Iowa, 214, merely declares the rule announced in *Blodgett v. Railway Co.* to be correct.

V. Whether Allee had other agents was entirely immaterial, as it was not contended that any of them had been instrumental in the sale. As plaintiff was a real estate agent, and did nothing by way of negotiating "purchase or sales of securities," he was not required by the United States revenue laws to pay a tax. The claim that the statements of Allee in a conversation subsequent to the trans-

action were not admissible ignores the rule allowing declarations of parties to a suit to be received in evidence, regardless of when made. The testimony of Anderson was admissible, as corroborating plaintiff's claim that he induced Gravesen to buy the land. The reference to the letter to Budholt was part of the conversation with Gravesen, and not objectionable. There was no abuse of discretion by the court in asking pertinent questions, calculated to impress defendant with the necessity of stating what was said, rather than giving his conclusions. The only doubtful question in the case is whether the purchaser was in fact furnished by plaintiff, and, as said, that was disposed of by the verdict.—AFFIRMED.