STATE OF IOWA, Appellee, v. W. B. LING, Appellant.

CRIMINAL LAW: New Trial—Unauthorized Taking of Exhibits to
1 Jury Room. It is not reversible error for a sheriff, without authority from the court, to take bottles of alleged intoxicating liquors which have been actually received in evidence on the trial of a charge of bootlegging, and permit the jurors, after their retirement, to test, by the sense of smell, the alcoholic nature of the contents of the bottles.

INTOXICATING LIQUORS: Bootlegging—Gist of Offense. The gist of
2 the offense of bootlegging is the carrying of intoxicating liquors on the person or in a vehicle with the intent to sell or to dispose of the same by gift.

CRIMINAL LAW: Course and Conduct of Trial—View of Automobile
3 by Jury. The court is clearly within its discretion in refusing to send the jury to examine an automobile for the purpose of determining whether it was physically possible (as had been testified) for a person to stand on one side of the car and reach across and take a bottle from a pocket on the opposite side of the car.

INTOXICATING LIQUORS: Bootlegging—Sustained Verdict. Record
4 held amply to sustain a verdict of guilty of bootlegging.

*Appeal from Taylor District Court.*—H. H. CARTER, Judge.

JUNE 24, 1924.

REHEARING DENIED SEPTEMBER 26, 1924.

THE defendant was charged by indictment with the crime of bootlegging. Upon a verdict of guilty, judgment was pronounced, from which he appeals.—*Affirmed.*

*Wisdom & Kirketeg* and *Hunt & Chittenden,* for appellant.

*Ben J. Gibson,* Attorney-general, and *John Fletcher,* Assistant Attorney-general, for appellee.

VERMILION, J.—Upon the trial, certain bottles containing liquor claimed by the State to be intoxicating, and to have been found in the possession of the defendant in his automobile, were introduced in evidence. Error is assigned on the refusal of the court to allow appellant to call members of the jury and examine them in support of his motion for a new trial, on his offer to show by them that certain of the bottles of liquor so found and introduced in evidence were taken to the jury room by the sheriff, without authority and without the knowledge of the defendant, and that members of the jury examined the liquor by the sense of smell, and stated that it was alcohol.

1. CRIMINAL LAW: new trial: unauthorized taking of exhibits to jury room.

As said, the bottles and their contents were in evidence. Such being the case, it was at least within the discretion of the court to allow them to be taken by the jury to the jury room. *Barker v. Town of Perry,* 67 Iowa 146. As there said, Section 3717 of the Code prohibits only the taking of depositions to the jury room, and does not exclude any other evidence which is in any proper form to be considered by the jury. One of the questions in the case was whether the liquor in the bottles contained alcohol. With the liquor in evidence before them, the jurors would have had a right to make such an examination of it as it is claimed was made, to determine, in connection with the tes-

timony of the witness, whether it was alcohol. *State v. Young,* 134 Iowa· 505; *Hraha v. Maple Block Coal Co.,* 154 Iowa 710; *Thielepape v. State,* 89 Tex. Cr. 493 (231 S. W. 769) ; *Thompson v. State,* 72 Tex. Cr. 6 (160 S. W. 685). In the last cited case, it was held that the jurors had a right to examine liquor introduced in evidence, by the sense of smell. While a test by that means may not be the best or most satisfactory by which to establish the character of a liquor, it would certainly be competent to show that the liquor had the smell of alcohol. All human testimony as to objects and events depends finally on the effect produced on some one or more of the senses. That alcohol has a distinctive odor is a matter of common experience. If all that appellant offered to show by the jurors had been established, we think no prejudicial error would have appeared. *Louisville & N. R. Co. v. Berry's Admr.,* 96 Ky. 604 (29 S. W. 449). Since the court might properly have allowed the liquor in evidence to be taken to the jury room, and the examination claimed to have been made of it by the jurors was only such as they would have been entitled to make, no error is shown in refusing to receive the offered testimony or in overruling the motion for a new trial on that ground. It was not error to refuse to hear testimony to establish a state of facts which, if established, would not have been prejudicial. Any conclusion reached by the jurors from their examination, or any discussion based on their tests, inhered in the verdict. *State v. Lauderbeck,* 96 Iowa 258; *State v. Beste,* 91 Iowa 565; *State v. Steidley,* 135 Iowa 512.

Complaint is made of an instruction to the effect that, if the jury found beyond a reasonable doubt that intoxicating liquors were carried on the person of the defendant or in a

2. INTOXICATING LIQUORS: bootlegging: gist of offense.

vehicle, with intent to sell or dispose of the same by gift, the defendant should be found guilty. The instruction followed the language of the statute, Section 2461-a, Supplemental Supplement, 1915. This section does not provide a punishment for the giving of intoxicating liquor to another, and the question argued by counsel as to what would constitute a gift in violation of law is not involved. The statute makes it unlawful to carry on the person

or in a vehicle intoxicating liquor, with intent to sell or dispose of the same by gift or otherwise. The defendant was charged with violation of this section. There was no error in the instruction.

Error is predicated on the refusal to send the jury to examine the automobile from which the witness for the State testified he saw the defendant take a bottle from a pocket on the opposite side of the car, "for the purpose of showing that one could not stand on one side of the car and reach over and take a bottle out of the pocket on the opposite side of the car."

3. CRIMINAL LAW: course and conduct of trial: view of automobile by jury.

.This was a matter resting entirely within the discretion of the trial court. Code Section 5380; *State v. Jackson,* 156 Iowa 588. The defendant offered no testimony on the subject, and there was no dispute of the testimony to the effect that defendant did take a bottle from the car in that manner. It was simply proposed to make the jurors witnesses as to what was claimed to be a physical fact. It has been repeatedly held, in reference to a similar statutory provision (Code Section 3710), applicable to civil cases, that the purpose of permitting the jurors to view premises in controversy, or the place where any material fact occurred, is to enable them to better understand and apply the testimony of the witnesses, and not to make them silent witnesses in the case; and that the verdict must be based on the evidence, and not on their personal examination. *Close v. Samm,* 27 Iowa 503; *Moore v. Chicago, St. P. & K. C. R. Co.,* 93 Iowa 484; *Morrison v. Burlington, C. R. & N. R. Co.,* 84 Iowa 663. It is clear that there was no abuse of discretion in this respect.

It is insisted that the verdict is not supported by the evidence. The State introduced but one witness, and the defendant none. The witness for the State, the deputy sheriff, testified that he saw the defendant and another man with him, each take a bottle from defendant's car at the fairgrounds; that, when he asked the defendant for the bottle, the latter broke it on the side of the car, and the other man broke the bottle he had; that a very strong odor of alcohol arose at the time; that, from his experience, there was alcohol in the bottle broken by the defendant; that

4. INTOXICATING LIQUORS: bootlegging: sustained verdict.

he took three other bottles from defendant's car; that he had tested a great many bottles of liquid that came into the hands of the sheriff; that the bottles he took from the car contained intoxicating liquor. On cross-examination, he testified that there was not enough liquor in two of the bottles to make a test, and that he tested the liquor in a third one by pouring a drop on a blotter and burning it, and it burned without scorching the blotter; that probably wood alcohol, and perhaps other liquids, would do the same thing.

It is argued that the evidence is not sufficient to warrant a finding that the liquor was intoxicating. The character of the liquor in the possession of defendant and the experience of the witness and his ability to determine its character, were questions for the jury. The facts that the defendant and his companion, on the approach of the officer, broke bottles they had taken from defendant's car; the odor of alcohol therefrom; the finding of other bottles of liquor in the car and the evidence as to their contents, are sufficient to sustain the verdict.

We have considered all of the errors assigned. No prejudicial error is found, and the judgment is—*Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.