STATE OF IOWA, Appellee, v. WILLIAM PARENTI, Appellant.

**INDICTMENT AND INFORMATION:** Motion to Dismiss—Improperly Obtained Testimony. An indictment may not be quashed on the ground that it was found and returned on testimony improperly obtained.

**INTOXICATING LIQUORS:** Unlawful Manufacture—Evidence. On the trial of an indictment for unlawfully manufacturing intoxicating liquor, testimony may be relevant even though it does not bear directly upon the question whether the defendant manufactured the liquor.

Headnote 1: 31 C. J. p. 808 (Anno.) Headnote 2: 33 C. J. p. 758.

*Appeal from Adams District Court.*—HOMER A. FULLER, Judge.

FEBRUARY 10, 1925.

REHEARING DENIED JUNE 25, 1925.

THE defendant appeals from a conviction upon violation of Section 2382, Supplemental Supplement to the Code, 1915, which prohibits the manufacture of intoxicating liquors.— *Affirmed.*

*Wisdom & Wisdom,* for appellant.

*Ben J. Gibson,* Attorney-general, and *John Fletcher,* Assistant Attorney-general, for appellee.

STEVENS, J.—I. The indictment charged the defendant with the illegal manufacture of intoxicating liquors. A motion was made by him to quash the indictment, upon the ground that

1. INDICTMENT AND INFORMATION: motion to dismiss: improperly obtained testimony.

it was obtained upon the testimony of witnesses who acquired their information by unlawfully entering the premises of defendant, and by means of an unlawful search warrant. The motion was overruled, and we think properly so. So far as evidence was obtained by means of a search warrant, the admissibility of the testimony is established by our decision in *State v. Tonn,* 195 Iowa 94. The other matters alleged presented no ground for quashing the indictment. Section 5319, Code of 1897.

II. The court permitted a witness to testify that he obtained a drink of wine from the defendant, which in his judgment was intoxicating. Another witness was permitted to testify

2. INTOXICATING LIQUORS: unlawful manufacture: evidence.

that he drank a small glass of liquid, but could not say whether it was wine or vinegar; and another, that defendant admitted to him that on various occasions he had manufactured wine; that the liquors he saw on the premises were intoxicating, and that the defendant told him that he drank his own wine; that on another occasion he stated that the value of the wine was $8.00 per gallon, and that it cost him that sum to manufacture

it. All of the above and other testimony of similar character was admitted over objections by the defendant. The testimony was clearly admissible, although much of it did not bear directly upon the question as to whether the defendant manufactured the liquor. It tended to show that he had liquor in his possession. The defendant practically admitted that he had manufactured 100 gallons of wine for a citizen of Corning, and that "it would knock the top of your head off." The witnesses who it is charged illegally entered the premises of defendant testified that they tapped one of the barrels containing liquor, drank some of it, and became intoxicated.

III. A motion for a directed verdict was overruled; and after conviction, a motion for new trial was filed. Both were properly overruled by the court. The evidence of guilt was abundant, and the verdict is well sustained thereby. It is urged that the judgment which sentenced the defendant to pay a fine of $500 and costs is excessive. The imposition of judgments, where the statute permits it, must be left, to some extent at least, to the discretion of the trial court. The judgment is substantial; but we find nothing in the record to justify us in interfering therewith.

We find no reversible error in the record.—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.