STATE OF IOWA, Appellee, v. LOUIS EGGLESTON, Appellant.

WITNESSES: Examination—Examination by Court. It is not improper for the court, in the trial of a criminal cause, to put questions to a witness, (1) because of the hesitation of the witness, (2) in order to properly rule on a motion to strike the testimony, or (3) in order to secure pertinent answers. (See Book of Anno., Vol. 1, Sec. 11550, Anno. 206; Sec. 13944, Anno. 204 *et seq.*)

CRIMINAL LAW: Evidence—Taste or Smell of Liquor. A witness may be permitted to testify that certain liquor smelled or tasted like alcohol. (See Book of Anno., Vol. 1, Sec. 1958, Anno. 3.)

Headnote 1: 16 C. J. p. 831; 40 Cyc. p. 2439. Headnote 2: 16 C. J. p. 751 (Anno.); 33 C. J. p. 774.

*Appeal from Howard District Court.*—JAMES D. COONEY, Judge.

DECEMBER 15, 1925.

THE defendant was convicted of "bootlegging" and appeals.—*Affirmed.*

*R. J. Sullivan,* for appellant.

*Ben J. Gibson,* Attorney-general, *S. S. Faville,* Assistant Attorney-general, and *W. L. Barker,* County Attorney, for appellee.

VERMILION, J.—I. Appellant complains that the trial court asked questions of witnesses produced by the State.

A witness had testified that he purchased liquor of the defendant; that he drank it, and in about fifteen minutes was dizzy and numb, and couldn't handle his hands and feet, and was sick. After some further testimony which does not appear in the record, the court said: "Just a moment. Either side may make any objections they care to. There is a matter the court does not understand about this drink,—did you see whatever liquid you drank before you drank it?"

1. WITNESSES: examination: examination by court.

The answer was, "Yes." The court then asked: "How did it appear,—can you describe its appearance in color?" The answer permitted to stand was: "It was brown." The court asked: "Did you taste the liquor before you drank it?" and the witness answered that he did. The court then asked the witness to describe the smell and taste of the liquor. No answer to these questions was made. The court thereupon remarked: "Well, if you don't want to answer that, we will pass it." The defendant objected to the action of the court in asking these questions.

It is not entirely clear from the record whether the questions of the court were prompted by hesitation on the part of the witness, or were for the purpose of enabling the court to rule advisedly on a motion to strike the answer of the witness as to the effect of what he drank. But, in either event, there was no abuse of discretion and no error. *State v. Spiers,* 103 Iowa 711; *State v. Marshall,* 105 Iowa 38; *Bartlett v. Falk,* 110 Iowa 346; *Rounds v. Alee,* 116 Iowa 345.

Some questions were propounded by the court to other witnesses for the State. They merely tended to secure pertinent answers to questions asked by the° attorney for the State; as where the question was as to what certain liquor smelled or tasted like, or what effect it had, and the court directed the witness to describe the smell or taste, if he could, or to describe the effect, if any. In one instance a witness had said that the liquor smelled like alcohol, and the court asked if he was familiar with the smell of alcohol. No objections were interposed to these questions on the ground that they were asked by the court. *State v. Spiers,* supra. But, aside from that, there was no error. *Rounds v. Alee,* supra.

II. It is complained that witnesses were allowed to testify that the liquor they bought of defendant smelled or tasted like alcohol. The testimony was competent. *State v. Miller,* 53 Iowa 84; *State v. Ling,* 198 Iowa 598; *Stankiewoecz v. State,* 194 Ind. 246 (142 N. E. 615); 33 Corpus Juris 771.

2. CRIMINAL LAW: evidence: taste or smell of liquor.

III. The judgment provided that the defendant should be imprisoned in the· county jail of Howard County at hard labor for the period of one year, and pay the costs of the prosecution. It is urged that the sentence is excessive. Section 1927, Code of 1924, in force at the time the offense was committed, provided that a "bootlegger"—that is, one who kept or carried around on his person or in a vehicle any intoxicating liquor with intent to sell the same—should be fined not less than $300 nor more than $1,000 or be imprisoned in the county jail not less than three months nor ·more than one year, or be punished by both such fine and imprisonment.

The evidence shows that sales of intoxicating liquor were made by the defendant to four youths of 17 and 18 years of age; that he was carrying a quantity of the liquor about with him in his automobile; and that he employed or directed a boy of 17 to make a delivery of liquor and collect for him. The evidence established without dispute that appellant was engaged in the business of selling intoxicating liquors. The sentence was not the most severe that might, under the statute, have been imposed. Appellant, in addition to imprisonment for a year,

might have been fined a thousand dollars. See *State v. Hillman,* 200 Iowa 320.

We are of the opinion that the record does not present a case where we are required to interfere with the sentence, and the judgment is—*Affirmed.*

STEVENS, DE GRAFF, and ALBERT, JJ., concur.