STATE OF IOWA, appellee, v. SAM BEISER, appellant.

No. 49052.

(Reported in 82 N.W.2d 115)

APRIL 3, 1957.

Levine, Billings & McGrane, of Des Moines, for appellant.

Norman A. Erbe, Attorney General, Don C. Swanson, Assistant Attorney General, and Ray Hanrahan, County Attorney, for appellee.

OLIVER, J.—Chapter 124, Code of Iowa, 1954, is entitled Beer and Malt Liquors. Defendant, Sam Beiser, owned and operated a Des Moines grocery store in which beer was sold under a Class "C" permit issued in the name of Lena Beiser, under that chapter. Defendant was charged with selling beer to a minor, Robert Buckroyd, Jr., in violation of Code section 124.20. Trial to a jury resulted in a verdict of guilty. From judgment thereon he appeals.

Robert Buckroyd, Jr., a minor, testified he entered appellant's store September 9, 1955, and purchased from appellant nine quarts of beer, in quart bottles. It was labeled Schlitz beer. The seals on the bottles were not broken. The witness testified he knew it was beer. He purchased it for and delivered it to two other minors, each of whom testified it was beer and that he became intoxicated after drinking four quarts of it. Two police officers testified appellant admitted having sold the beer to Robert Buckroyd, Jr., at the time and place in question. No evidence was offered by appellant.

Code section 124.2(10) states in part:

" 'Beer' for the purpose of this chapter [124] shall mean any liquid capable of being used for beverage purposes made by the fermentation of an infusion in potable water of barley, malt and hops, with or without unmalted grains or decorticated and degerminated grains containing not more than four percent of alcohol by weight."

This section has been considered in State v. Hill, 244 Iowa 405, 412, 57 N.W.2d 58; State v. Ryerson, 247 Iowa 385, 73 N.W.2d 757, and other decisions.

I. Appellant challenges the sufficiency of the evidence to support the verdict. There was substantial evidence of the sale of the beer by appellant to Robert Buckroyd, Jr. This minor's story of the sale to him was corroborated by the testimony of the two other minors, who testified also it was beer and that they became intoxicated after drinking it. One of them testified he knew it was beer by its appearance and taste.

The evidence of the three minors was sufficient to support a finding of fact that the liquid sold was beer. State v. Miller, 53 Iowa 84, 88, 4 N.W. 838, 842, states: "We doubt not

that an opinion as to the character of food or drink may be expressed by a witness who uses them." Among other similar decisions are: State v. Spiers, 103 Iowa 711, 713, 714, 73 N.W. 343; State v. Ling, 198 Iowa 598, 601, 602, 199 N.W. 285; Baurose v. State, 1 (Cole) Iowa 373–379; State v. Eggleston, 201 Iowa 1, 206 N.W. 281; State v. Parenti, 200 Iowa 333, 202 N.W. 77. The evidence that appellant admitted he sold beer to the minor was also sufficient to support such a finding.

However, appellant contends the State was required to prove, not only that the liquid was beer, but also that such beer was made in the manner and from the ingredients and with the alcoholic content specified in section 124.2(10). His counsel assert proof of this could be furnished by such evidence only, as that of a chemist based upon a chemical analysis of the liquid.

Appellant's contention is not meritorious. The beer was sold the minor from the stock kept for sale in the grocery store, under the Class "C" permit. Except for the minority of the purchaser there is no charge the sale violated any statute. That it was unlawful, also, because the beer did not comply with the standard fixed by section 124.2(10), would not immunize the seller from the penal liability prescribed for the sale of beer to a minor in violation of section 124.20. The State was not required to prove such compliance.

Moreover, there was no evidence the beer sold the minor was not that defined in the statute. Such beer is the only beer which may be legally dealt with by holders of retail permits. See Code section 124.32. Consequently, in this State, the term "beer", when not qualified, is now generally understood to mean beer of the kind handled by permit holders.

State v. Cloughly, 73 Iowa 626, 627, 35 N.W. 652, 653, which involved the sale of beer contrary to a statute then in effect, in which beer was defined as an intoxicating liquor, states:

"It was proven that * * * a person applied to defendant to purchase a bottle of beer, and that defendant sold and delivered to him a bottle of liquor which had the appearance of beer. The customer, who was examined as a witness on the trial, was not able to testify with certainty that the liquor in the bottle was

beer. It is insisted that there was not sufficient evidence either as to the kind of liquor sold, or that it was intoxicating. As the defendant, by delivering it to the customer in answer to his request for beer, represented it to be that kind of liquor, the presumption as against him is that it was beer, * * *. If there are kinds of beer not in fact intoxicating, the burden was on defendant to show that the beer in question was of that kind, if he claimed such to be the fact."

There is no evidence or presumption that the beer sold Buckroyd in the grocery store of the licensed dealer was something which could not be lawfully sold to or by the grocery store. The labels were on the bottles and the seals were unbroken. Code section 124.38 requires that the labels state the beer does not contain more than four per centum of alcohol by weight and provides statements on the labels shall be conclusive evidence. The unbroken seals tended to indicate that the contents of the bottles sold the minor were the same as when the beer was bottled. We are satisfied the testimony and circumstances in evidence were sufficient to support a finding that the beer in question was of the kind specified in the statute.

II. Appellant complains that, over his objections, the trial court permitted the two minors, for whom the beer was purchased, to testify they drank it and became intoxicated. No error appears here. We have stated beer was an intoxicant. State v. Helgerson, 247 Iowa 651, 659, 75 N.W.2d 227, 232. This testimony was admissible, if for no other reason, as tending to show the nature and character of the liquid in question.

III. Another error assigned is to an instruction which defined "beer", for the purpose of the case, in the language of section 124.2(10), hereinbefore set out. It is a sufficient answer to this assignment of error that the instruction was not less favorable to defendant than he was entitled to have given.— Affirmed.

All JUSTICES concur.