[No. 2419. Decided February 6, 1897.]

IRA A. SCOTT, *Receiver, Respondent,* v. G. E. HALLOCK, *Appellant.*

NOVATION — PARTNERSHIP DEBTS — APPEALABLE ORDER — DEMURRER—
DEFECT OF PARTIES.

Where one partner promises the creditor to assume and pay the entire debt, and the creditor promises to look to him alone, a substitution of debtors is effected and the other partner is released.

An order sustaining a demurrer to an affirmative defense in an answer is reviewable upon an appeal from the final judgment in the cause, under Laws 1893, p. 119, § 1, although defendant may have gone to trial upon the denials in his answer. (*Mason County v. Dunbar,* 10 Wash. 163, distinguished).

Defect of parties defendant cannot be raised by an affirmative defense setting up a novation.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge. Reversed.

*Richard Saxe Jones* (*Brinker, Jones & Richards,* of counsel), for appellant.

*J. R. & R. M. Kinnear,* for respondent.

The opinion of the court was delivered by

GORDON J.—Respondent, as receiver of the firm of Lynch & Jose, instituted this action against G. E.

Hallock, Fred Atkinson and W. L. Atkinson as part-
ners, doing business under the name of the Twin
Mountain Shingle Company, to recover a balance
alleged to be due upon a certain written contract for
the purchase and sale of shingle bolts.   The com-
plaint in the action shows that respondent was ap-
pointed receiver on the 19th day of December, 1894;
that the contract upon which the action was founded
was entered into on the 20th day of October, 1894,
and was executed in the name of the firm by G. E.
Hallock.   The amended answer of the appellant G. E.
Hallock, in addition to containing denials of essential
allegations in the complaint, as an affirmative defense
set out that on the 6th day of April, 1895, the appel-
lant G. E. Hallock (theretofore a member of the firm)
sold all of his right and interest in and to the firm
business, and everything pertaining thereto, to the
other partners, Fred Atkinson and Will Atkinson,
who, as a part of the consideration for the sale, as-
sumed and agreed to carry out all the terms and con-
ditions of said written contract, and to hold the
appellant free and clear from any claim arising there-
under; that the respondent as receiver, acting with
the consent and under the direction of the court, agreed
to accept a new co-partnership composed of Fred At-
kinson and Will Atkinson as parties to said contract,
and agreed to and did release the appellant from all
obligation arising thereunder; that the new co-part-
nership thereafter, in accordance with said agreement,
made partial payments under said contract as modi-
fied by the parties, and the respondent accepted said
payments of said new co-partnership with the under-
standing and agreement that the appellant was forever
relieved from the obligations thereof.   The court sus-
tained a demurrer to this affirmative answer and the

appellant duly excepted. Thereafter the cause came on for trial before the court without a jury. The appellant asked leave to amend his answer, which was denied by the court. On the trial the appellent offered to prove the various matters set up in the affirmative defense, which we have referred to, which offers were refused by the court upon objection of the respondent's counsel. The trial terminated in a judgment for the respondent, from which this appeal is taken.

The appellant assigns as error the order of the court sustaining respondent's demurrer to the affirmative answer. He urges that the pleading was sufficient to show that there was a novation, and we think his contention must be upheld. The rule is thus stated in 16 Am. & Eng. Enc. Law, p. 900:

" In the case of a retiring partner it is well settled that he is not discharged from liability for the debts of the old firm even though the continuing partner, or the new firm, agrees with him to pay them, and, in general, the creditor is not to be affected or given any new rights, by an arrangement by, or between, his debtors to which he is not a party. *But, if the creditor assents to such an arrangement, or agrees to accept the continuing partner or new firm as his debtors, and releases the retiring partner or the old firm,* then a novation of the debt is effected."

See, also, the authorities cited there in support of the proposition, many of which we have examined and find to fully support the doctrine of the text.

See, also, 3 Addison on Contracts, (Am. Notes by Abbott & Wood), foot page 843.

In 1 Bates on Law of Partnership, § 505, the learned author says :

"The creditor's promise to one partner to release him, although made after dissolution upon the retirement of such partner, when not accompanied by a

promise of the other partner to the creditor to assume the entire debt, or by a change of security, is a *nudum pactum*, because founded on no consideration whatever. . . . *But if the other partner promise the creditor to assume and pay the entire debt, and the creditor promises to look to him alone, a substitution of debtors is effected, and the other partner is released.*"

Respondent urges that appellant is not entitled to have this court review the order of the superior court which sustained the demurrer. His contention is that "the appellant should have stood by the order of the court sustaining the demurrer, permitted judgment to go against him without further contest, and then have appealed from that judgment." His theory is that appellant, by proceeding to trial upon the issues raised by the denials contained in his answer, and by asking leave to further amend (which was denied), thereby waived his right to urge as error the order of the court sustaining the demurrer. He also urges that an order sustaning a demurrer is not an appealable order, and cites in support of the latter proposition, *Mason County v. Dunbar*, 10 Wash. 163 (38 Pac. 1003). But the appeal in that case was attempted prior to the entry of a judgment in the action, and hence was premature.

Section 1, chapter 61, Laws of 1893, page 119, upon the subject of appeals, provides that any party aggrieved may appeal " from the final judgment entered in any action or proceeding, *and an appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding*, either before or after the judgment." The demurrer in the present case did not go to the whole answer, but only to the affirmative defense attempted to be set up. It still left an issue of fact to be disposed of and appel-

lant was not obliged to abandon that part of his defense, but can avail himself of the right to review the order of the court which sustained a demurrer to his affirmative answer, since judgment has gone against him upon the general issue.  The logic of respondent's position is that a defendant who pleads one or more defenses, as to one of which a demurrer is sustained, must elect either to stand by that defense alone and abandon the remaining ones, or waive his right to review the ruling of the court upon that defense, and plant himself solely upon those which have not been demurred to.  In this position we think the law does not sustain him.  The statute has designated a simple method by which an aggrieved party may have the adverse rulings of the court made in the course of litigation reviewed, by appealing from the final judgment and bringing to the supreme court so much of the record as will show the rulings complained of.

The further contention of appellant, that it sufficiently appeared from the affirmative answer that plaintiff had neglected to bring in a necessary party, cannot be sustained.  As an independent defense, the answer was insufficient to show that one who was a partner at the date of the contract was not joined as a defendant in the action.

But for the error in sustaining the demurrer, the judgment will be reversed and the cause remanded, and the court below is directed to overrule the demurrer and proceed to a new trial of the action.

ANDERS, DUNBAR and REAVIS, JJ., concur.