[No. 5996. Decided June 9, 1906.]

FEDERAL IRON AND BRASS BED COMPANY, *Respondent,* v. A. HOCK, *Appellant.*[1]

CONTRACTS—BREACH—PROSPECTIVE PROFITS. In an action upon notes given for credit extended under a contract whereby the plaintiff was to supply certain goods on credit, and the defendant agreed to sell the plaintiff's goods exclusively in a certain territory until a certain date, the defendant may plead a breach of the contract by plaintiff's refusal to deliver the goods, and may counterclaim for damages for his future profits under the contract, where he had expended money in opening a market for the goods.

PLEADINGS—SETTLEMENT OF—WAIVER OF ERROR BY GOING TO TRIAL. Error in striking out part of an answer and sustaining a demurrer thereto is not waived where the appellant did not plead over, but went to trial as the pleadings stood.

FRAUDS, STATUTE OF—PART PERFORMANCE. An oral contract to sell in a certain territory exclusively the goods of a certain manufacturer is taken out of the operation of the statute of frauds by part performance in expending money and working up a market for the sale of the goods.

CONTRACTS—CONSIDERATION AND MUTUALITY. A contract to supply goods on the one hand, and on the other hand to sell the same exclusively and work up a market for them, is not void for want of mutuality or consideration.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered July 18, 1905, upon the verdict of a jury rendered in favor of the plaintiff, in an action on promissory notes. Reversed.

[1] Reported in 85 Pac. 418.

*Samuel F. McAnally* and *Hastings & Stedman,* for appellant.

*Charles L. Westcott,* for respondent.

Root, J.—This appeal is from a judgment rendered in two suits which were consolidated for the purpose of trial, said actions being based upon promissory notes. The alleged facts involved are substantially as follows: The respondent, a manufacturer of iron beds in Illinois, having no representative or market for its goods in the northwest, entered into a contract with the appellant, a jobber and manufacturer's agent in Tacoma, about May 1st, 1903 (said contract covering the period to January 1, 1904, after which a new contract was to be made if mutually desirable), whereby appellant should sell only respondent's products and be sole agent therefor in the agreed territory. By reason of appellant's inability to operate otherwise, credit was to be given. Notes were to be executed for balances due for goods to be furnished at an agreed price until January 1, 1904. The appellant spent considerable money in handling respondent's goods, and opened up a market for the same, and paid a number of the notes as they became due. Then while appellant had on hand remnants of said stock which were unsaleable without similar goods of different prices and specifications to mix with them to fill orders, and having outstanding but not due three notes given under said agreement, the respondent, about September, 1903, at a time when appellant could not obtain goods elsewhere, refused to deliver to the latter any more goods.

The two actions were brought on the three notes when they became due, and the consolidated cases were tried by a jury. After the consolidation and before the trial, the court, on plaintiff's motion, struck from appellant's answer and counterclaim all reference to, or claims for, loss of profits in defendant's business, and subsequently sustained a demurrer to the

affirmative defense and counterclaim in the actions thus consolidated. The trial resulted in a judgment in favor of respondent, from which this appeal is taken.

The action of the trial court in striking the affirmative answer and counterclaim and in sustaining the demurrer is assigned as error, as is also the denying of appellant's motion for a new trial.

We think these rulings of the trial court were erroneous. It is doubtless true that prospective profits are ofttimes speculative, indefinite, and imaginary, but there is a reasonable certainty as to some future profits. There was nothing in the allegations of these answers stricken as aforesaid to indicate that they were all merely speculative and conjectural or of a character incapable of legal ascertainment. Ofttimes in the breach of a contract of this character, the only damages sustained are those of future profits. These may be of a substantial character in contemplation of law, and such as the injured party should be entitled to recover from the party who has without justification broken the contract. The recovery must, of course, be limited to the amount which from all the surrounding conditions may be deemed to have been reasonably certain had the breach not occurred. In the case of *Wakeman v. Wheeler & Wilson Mfg. Co.,* 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676, the court of appeals of New York said:

"Most contracts are entered into with the view to future profits, and such profits are in the contemplation of the parties, and so far as they can be properly proved, they may form the measure of damage. As they are prospective they must, to some extent, be uncertain and problematical, and yet on that account a person complaining of breach of contract is not to be deprived of all remedy. It is usually his right to prove the nature of his contract, the circumstances surrounding and following its breach, and the consequences naturally and plainly traceable to it, and then it is for the jury, under proper instructions as to the rules of damages, to determine the compensation to be awarded for the breach."

See, also, *Skagit R. & Lum. Co. v. Cole,* 2 Wash. 57, 25 Pac. 1077; *Shepard v. Milwaukee Gas Light Co.,* 15 Wis. 349; *Goldhammer v. Dyer,* 7 Colo. App. 29, 42 Pac. 177.

It is urged by respondent that the appellant waived any error the court may have made in striking part of the answer and sustaining a demurrer thereto, by going to trial upon the pleadings as thus modified. We do not think this contention should be upheld. After the order to strike had been made and the demurrer sustained, the appellant did not plead over but went to trial upon the pleadings as they then stood. We think it is better practice to permit a party to do this than to require him to hazard an immediate appeal which, if lost, would deprive him of a hearing on the merits, and if sustained would necessitate another trial in the lower court and probably another appeal here, thus resulting in the case being tried piecemeal.

It is also urged by respondent that the contract was oral and therefore void under the statute of frauds, and that it was also void for want of consideration and mutuality, there being no obligation on the part of the defendant to purchase any definite amount of the goods, but only the quantity he might desire. As to the first objection, it is answered by the fact that the contract was partially performed and thereby taken out of the operation of the statute. As to the second objection, we think neither consideration nor mutuality was wanting. Appellant was required to confine his sales to respondent's goods and to build up a market therefor; and respondent was to supply the goods. Each had other obligations, and good faith was enjoined upon each.

The judgment of the honorable superior court is reversed, and the cause remanded, with instructions to deny the motion to strike from appellant's affirmative defense and counterclaim, and overrule the demurrer to the same. A new trial shall be had at which appellant will be permitted to show such profits as would naturally and reasonably have accrued

to him had the contract been faithfully observed by respondent.

MOUNT, C. J., DUNBAR, RUDKIN, FULLERTON, HADLEY, and CROW, JJ., concur.