[No. 6504.   Decided April 6, 1907.]

FRYE & BRUHN. *Respondent, v.* J. E. PHILLIPS, *Defendant,*
V. G. OLIVER, *Appellant.*[1]

PARTNERSHIP—RELEASE OF RETIRING PARTNER—NOVATION.  A nova-
tion is effected where, in consideration of part payment by a retiring
partner and the promise of the continuing partner to pay the balance
of the debt, the creditor agrees to release the retiring partner.

TRIAL—WAIVER—DEFENSE.  A motion by plaintiff for judgment at
the close of defendant's case does not waive plaintiff's right to con-
test the affirmative matter set up in the answer.

APPEAL—DECISION—NEW TRIAL.  Upon reversing a judgment for
plaintiff, entered on a challenge to the sufficiency of the defendants'
evidence to sustain their affirmative defense, a new trial should be
awarded.

Appeal from a judgment of the superior court for Kitsap
county, Frater, J., entered June 6, 1906, in favor of the
plaintiff, upon a challenge to the sufficiency of the evidence
to sustain defendants' affirmative defense, upon a trial before
the court without a jury, in an action to recover upon a part-
nership indebtedness.   Reversed.

*B. B. Crawford,* for appellant.

*Piles, Howe & Farrell* and *Dallas V. Halverstadt,* for re-
spondent.

PER CURIAM.—The defendant Phillips and the appellant
Oliver were partners conducting a restaurant business.   As
such partners they contracted an indebtedness for meats, to
the respondent, on which there was due August 19, 1905, the
sum of $330.14.   On that day Mrs. Oliver sold her interests
in the business to Phillips and retired from the partnership.
Later in the day she went to the manager of the respondent,
stated that she had sold her interests in the restaurant to
Mr. Phillips, and that she desired to pay half of the partner-

[1]Reported in 89 Pac. 559; 93 Pac. 668.

ship indebtedness and be released therefrom. The manager told her that that would be satisfactory. She thereupon paid a part of the account, and later another part, in all $85. The manager then told her that she owed nothing more, as Mr. Phillips had taken up the account, and the company would look to him for it. Phillips did not pay the balance, and this action was begun against both partners to recover the amount. Phillips defaulted, and Mrs. Oliver pleaded the agreement above set out as an accord and satisfaction. The action was tried before the court without a jury, and resulted in a judgment for the respondent; the court holding that the agreement was without consideration.

The appellant and respondent have discussed at some length the question whether, under the laws of this state, a payment of a part of a debt under an agreement to release the whole operates as a release of the whole debt, but we have found it unnecessary to discuss this question, as it seems to us the case is governed by another principle. The evidence clearly shows a novation. The creditor agreed, in consideration of the payment of a part of the debt by the retiring partner and the promise of the continuing partner to pay the debt, to release the retiring partner. Under the great weight of authority, this effects a substitution of debtors and operates to release the retiring partner. *Scott v. Hallock*, 16 Wash. 439, 47 Pac. 968; Bates, The Law of Partnership, § 505; 22 Am. & Eng. Ency. Law (2d ed.), p. 182, 183.

The court was therefore in error in holding the appellant liable. The judgment is reversed, and the case remanded with instructions to enter judgment for the appellant.

## On Petition For Rehearing.

[Decided February 8, 1908.]

Per Curiam.—Inasmuch as the original indebtedness was admitted, the burden of proof rested upon the answering defendant to establish the allegations of her affirmative de-

fense. At the close of her testimony the court ruled that the agreement set forth in the answer was without consideration, and granted judgment in favor of the plaintiff for the full amount claimed. In the original opinion filed in this case. we held that the agreement set forth in the answer was founded upon an adequate consideration, and reversed the judgment, with directions to enter judgment in favor of the defendant. The plaintiff did not waive its right to contest the affirmative matter set forth in the answer by moving for judgment at the close of the defendant's testimony, any more than a defendant waives his right to contest the plaintiff's case by moving for a nonsuit. For this reason a new trial should have been awarded instead of directing judgment for the defendant. To this extent the original opinion is modified, but in all other respects the petition for rehearing is denied.