### KENNON v. POERSCHKE et al.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

1. BROKERS (§ 40*)—EMPLOYMENT—COMMISSION—LIABILITY OF OWNER.

An owner of real property, who did not employ or authorize the employment of defendant as a broker, and who had no knowledge or information, prior to the sale of his property, that the broker had been employed or was instrumental in making the sale, was not liable for the broker's commission, though the broker actually procured the purchaser to whom the sale was made.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 38–40; Dec. Dig. § 40.*]

2. BROKERS (§ 74*)—EMPLOYMENT—COMMISSION—LIABILITY OF EMPLOYER.

One who, though not the owner of premises, employed a broker to sell the same, became liable for the broker's commission, when the broker obtained a purchaser for the premises upon the specified terms.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 62; Dec. Dig. § 74.*]

Appeal from Trial Term, New York County.

Action by Elijah Kennon against Edward R. Poerschke and Mary Fuchs. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed as to defendant Poerschke, and reversed and new trial granted as to defendant Fuchs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William R. Hill, for appellants.

Adolph Freyer (Jacob Klein, on the brief), for respondent.

LAUGHLIN, J. [1, 2] This is an action on an assigned claim of one White, a real estate broker, for commissions on the sale of real estate owned by the defendant Fuchs. The employment of plaintiff's assignor was by the appellant Poerschke. There is no evidence that he was authorized by the owner to employ the broker, or that the owner knew, or had been informed at any time prior to the sale, that the plaintiff's assignor had been employed as a broker, or had been instrumental in effecting a sale. The owner cannot be held liable to a broker for commissions on mere proof of the fact that the broker was instrumental in procuring a purchaser for the premises, where there is no evidence of employment, and the purchaser comes to the owner through another person, with whom all of the negotiations, so far as the owner is concerned, were had. It does not appear what interest, if any, the appellant Poerschke had in the premises; but the evidence tends to show an employment by him of plaintiff's assignor as if he were the owner, and that plaintiff's assignor obtained a purchaser for the premises on his terms, and that is sufficient to sustain the verdict against him.

The judgment and order appealed from, therefore, as to the defendant Poerschke, should be affirmed, with costs to the respondent. For the reasons already assigned, however, the judgment and order must be reversed as to the appellant Fuchs, and a new trial granted, with costs to her to abide the event. All concur.