## RUBIN v. ERNST.

(Supreme Court, Appellate Term, First Department.  March 4, 1915.)

BROKERS (§ 88*)—ACTIONS FOR COMMISSIONS—INSTRUCTIONS.

 In a broker's action for commissions against A., where defendant's evidence indicated, and the court in its charge assumed, that A.'s brother E., who claimed to own the property, though the record title was in A., was the person who negotiated with the broker, instructions to find whether plaintiff brought a purchaser ready, able, and willing to buy at the figure given by the brother, and whether the minds met, and that the brother was the undisclosed principal, and that all the negotiations had by him were binding upon defendant as the acts of defendant's undisclosed principal, were erroneous, as they amounted to an instruction that defendant was personally liable for contracts made by his brother with respect to property held by him as a convenience to his brother, and while real property, the title to which is in a dummy, may be subjected to a lien arising out of contracts made by the true owner, the dummy is not as a matter of law personally liable on such contracts.

 [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Jacob Rubin against Alois L. Ernst.  From a judgment in favor of plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Arthur O. Ernst, of New York City (Samuel R. Wachtell, of New York City, of counsel), for appellant.

Louis Julien, of New York City (Moses Morris, of New York City, on the brief), for respondent.

 GUY, J.  In this action the defendant, Alois L. Ernst, was sued for commissions on a sale of real property.  The plaintiff, a broker, claimed that he had procured a purchaser ready, able, and willing to buy the property at a price agreed upon, and that the defendant, after the agreement was ratified, had made a contract through another broker for a sale to a third party.  Sacks, the purchaser claimed to have been obtained by the plaintiff, afterwards took an assignment of the contract for $50, and received a deed from the defendant on the terms prescribed in the contract.

After the plaintiff had testified to several conversations he had with "Mr. Ernst," he was asked to point out in court the man he had such conversations with, and he pointed out a man who, he said, told the plaintiff he was Al. Ernst, and said that the man so indicated was the man he first spoke to in the matter.  It appears, however, that Carl Ernst, a brother of the defendant, was also in court, and according to the testimony introduced by the defendant, if in fact it was not conceded, Carl was the one who had all the transactions with the plaintiff, and the defendant never saw the plaintiff until he met him in court. Carl Ernst, defendant's brother, testified that he was the owner of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

 151 N.Y.S.—54

property; that the title was taken in the name of the defendant, Alois L. Ernst, because, when Carl purchased the property, Carl held a second mortgage on it, and he wanted to avoid a merger of the mortgage in the fee.

The learned trial judge in charging the jury apparently assumed that all the transactions of the plaintiff with reference to the property in question were with Carl. He instructed the jury as follows:

"Under the solemnity of your oaths you must try to reconcile all the facts, and find out: Did this plaintiff bring a purchaser ready, able, and willing to buy this property at the figure given by this defendant, Carl. Ernst, the brother of the defendant, and did the minds meet?"

And he further said:

"In law, I charge you that the brother, the defendant here, was the undisclosed principal, * * * and all the negotiations that were had by Carl Ernst I charge you would be binding upon the defendant here. * * * All acts of Carl Ernst were really the acts of his undisclosed principal, namely, the defendant in this action."

This charge was tantamount to an instruction that as matter of law the defendant, who, according to the testimony introduced on his behalf, held title to the property merely as a convenience to his brother, was personally liable for all the contracts made by his brother with respect to the property. While real property, the title to which is in a mere dummy, would in a proper case be subjected to a lien arising out of contracts made by the true owner, it cannot be said as matter of law that such dummy is personally liable on such contracts merely because he holds title to the property. In this case the jury were not bound to believe the testimony of the brother that he was the true owner. Plaintiff's counsel had claimed on the trial that the brothers were copartners; and on the confusing record before us there was some evidence in the case which called for the submission to the jury of the question whether the defendant had authorized the making of the contract sued upon. See Kennon v. Poerschke, 148 App. Div. 839, 133 N. Y. Supp. 528.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.