[No. 20276.   Department One.   March 17, 1927.]

P. H. CASEY, *Respondent*, v. JOSEPH MURPHY, *Appellant*.[1]

[1] ACTIONS (29)—PREMATURE COMMENCEMENT.   Where a contract to pay a broker's commission was repudiated by a positive refusal to perform before performance was due, there is such a breach that action brought immediately is not premature.

Appeal from an order of the superior court for King county, Gilliam, J., entered June 9, 1926, granting a new trial to the plaintiff, in an action to recover a broker's commission.   Affirmed.

*Stuart D. Barker* and *Fred H. Peterson*, for appellant.

*John T. Casey* and *George F. Hannan*, for respondent.

MAIN, J.—The plaintiff brought this action to recover a commission upon the sale of certain timber land. The cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendants moved for a dismissal on the ground that the action had been prematurely brought.   This motion was sustained.   The plaintiff moved for a new trial, and the motion was granted as against the defendant Joseph Murphy and denied as to the defendant Stuart D.

[1]Reported in 253 Pac. 1078.

Barker. From the order granting a new trial, Murphy appeals.

[1]   The only question for determination is whether the action was prematurely brought. The following will be a sufficient summary of the facts to present this question. The contract with the respondent by the appellant was in the form of a letter dated June 2, 1924, and contains the following:

"Referring again to the commission, would say that if a sale is made acceptable to the owners, a commission of 5% on the first $100,000 and 2½% on the balance of the sale price is about what we would expect to allow, this to be paid you in the same proportion as the money is received by the owners."

On January 17, 1925, the appellant by telegram, which was confirmed by letter, notified the respondent that Mr. Barker had been authorized to act for him and his associates. On June 9 or 10, 1925, Barker denied the right of the respondent to any commission upon the deal for the sale of the timber which was then being closed. The action was begun June 12, 1925, and the contract for the sale of the timber was consummated on June 23, 1925.

The denial by Barker of the appellant's claim for a commission was a repudiation and a breach of the contract. The rule is that a positive refusal to perform a contract before performance is due may be regarded as a breach, and the injured party can bring an action without delay. In 3 Elliott on Contracts, § 2028, it is said:

"The American courts, with almost practical unanimity, adopt the rule of the English courts and hold that an unqualified and positive refusal to perform a contract before performance is due may be regarded as a complete breach of the contract where the renunciation goes to the whole contract, and the injured party may bring his action at once."

This rule is applicable to contracts for personal services and also of agency. In vol. 5, Page on the Law of Contracts, § 2887, it is said:

"The principle that renunciation before performance is due is such a breach that the party who is not in default may maintain an action thereon at once is applied in cases of contracts for personal services, or contracts to act as agent."

In *Hunter v. Wenatchee Land Co.*, 50 Wash. 438, 97 Pac. 494, it is said:

"That there was, in substantial effect, a breach of the contract on the part of the appellant is evident, for while technically there may be no breach of the contract until after the time for performance has expired, yet when one party to the contract has by his own acts disqualified himself or placed it beyond his power to perform, there is neither sense nor justice in compelling the injured party to await the time of the expiration of the contract."

The contract between the respondent and the appellant having been repudiated by the authorized agent of the latter prior to the time that the action was instituted, the defense that the action was prematurely brought cannot prevail.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.