[No. 20881. Department Two. December 8, 1927.]

P. H. CASEY, *Respondent,* v. JOSEPH MURPHY, *Appellant.*[1]

[1] APPEAL (475)—SUBSEQUENT APPEALS—QUESTIONS CONCLUDED. Where, upon a second appeal, the pleadings and evidence were substantially the same as at the first trial, matters directly involved that might have been determined on the first appeal are foreclosed by the prior decision.

[2] TRIAL (133)—VERDICT—AMENDMENT OR CORRECTION BY COURT. Where the trial court, by its instructions, erroneously limited the verdict to the amount of a compromise, which was not justified by the pleadings or evidence, it was proper to increase the verdict to the full amount of plaintiff's claim.

[3] BROKERS (28)—CONTRACTS FOR COMPENSATION. A half-owner of property, disclosing the extent of his interest, and agreeing to a broker's commission, to be paid by the owners in proportion as the money is received by them, is liable for only one-half of the commissions.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 2, 1927, upon findings in favor of the plaintiff, in an action to recover a broker's commission. Affirmed in part and reversed in part.

¹Reported in 261 Pac. 790.

*Stuart D. Barker* and *Poe, Falknor, Falknor &
Emory,* for appellants.

*John T. Casey* and *George F. Hannan,* for respondents.

MACKINTOSH, C. J.—This is an appeal from a judgment entered after a second trial of this action, following the decision of this court on the first appeal, which is reported in 143 Wash. 17, 253 Pac. 1078.

[1] Many of the question raised by the appellant are foreclosed by the prior decision, which, although it contains this statement, ''The only question for determination is whether the action was prematurely brought,'' has the effect of determining all other questions which properly might have been raised on that appeal; the rule being, as stated in *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157, that questions which might have been determined on a former appeal ''will not be considered on a second appeal of the same action, particularly where the pleadings and the testimony are substantially the same in each trial, . . .''
A review of the testimony on the second trial reveals that it is substantially the same as that presented on the first trial, in so far as the questions raised by the appellant are concerned. It, of course, is true that, upon the first trial, the appellant introduced no evidence, but the contention that the contract involved was insufficient and that the respondent was not the procuring cause of the sale are questions which arise out of the respondent's testimony in each instance.

[2] As we view it, the only question which calls for a determination here is as to the amount of the judgment.

The action was begun against the appellant, who was the owner of an undivided one-half interest in the property, to recover the entire amount of commission

due for the sale of the whole tract. The jury was instructed that it might return a verdict based on an alleged agreement compromising the amount of commission, and returned a verdict for that amount. Thereafter, upon motion, the trial court increased the amount of the verdict to the full amount claimed in the complaint, holding that error had been committed in submitting the question of compromise to the jury. In so holding, the trial court was correct, for the reason that under neither the pleadings nor the evidence was there justification for submitting that matter.

[3] The question, then, remains as to whether the appellant is liable for the entire amount of the agreed commission, or for one-half thereof.

In the letter which constitutes the written memorandum of agreement to pay commission, signed by the appellant, he notified the respondent that he owned but an undivided one-half, and named the owners of the other one-half, and then said:

"Referring again to the commission would say that, if a sale is made acceptable to the owners, a commission of 5% on the first $100,000 and 2½% on the balance of the sale price is about what we would expect to allow, this to be paid you in the same proportion as the money is received by the owners."

In compliance with the suggestion contained in that letter, the representative of the owners of the remainder of the property wrote to the respondent, saying that he was satisfied with the terms of the agreement made by the appellant in regard to a commission.

It is our view of this correspondence and other correspondence in the record that the respondent was fully cognizant at all times that the appellant was not pretending to represent all the owners of the property and was making no agreement for a commission beyond the interest which he owned. The case differs

in that respect from those cited by the respondent as sustaining the right of the court to charge the appellant with the entire commission. The general rule is stated in 9 C. J. 586 as being that—

"One who employs a broker to find a purchaser is usually liable for compensation regardless of the nature of his interest in the property, and regardless of whether or not he has any interest in it whatsoever."

With that rule we have no quarrel, but in the instant case we have a situation where, as already noted, the owner employing the broker disclosed the exact interest he had in the property and called the broker's attention as to who the other owners were, and the broker thereupon negotiated with them.

The cases referred to by the respondent, while sustaining the text in *Corpus Juris,* do not touch the situation at hand.

*Anderson v. Lewis,* 64 W. Va. 297, 61 S. E. 160, was a case where the owner of an undivided interest in a tract of land bound himself personally by contract to pay for selling the whole tract.

*Jones v. Ford,* 154 Iowa 549, 134 N. W. 569, was an action where a broker was allowed to recover commission from a defendant who was selling the land as referee, it not appearing that the broker knew that the defendant had no authority to sell except as referee, and the court held that, because the broker had no knowledge of the defendant's inability to make title, the employment of the broker was by the defendant as an individual, and the broker could recover commission from the defendant as such, whether the defendant was able to make a contract which would secure the property to the purchaser or not, the court saying that—

". . . we think that the court correctly assumed under the evidence that defendant purported in her

negotiations with the plaintiff to act in her individual capacity and not as referee, and that plaintiff entered into the contract with her in her individual capacity.''

The case of *Kennon v. Poerschke,* 148 App. Div. 839, 133 N. Y. Supp. 528, cites no authority for holding that, where a third person, without authority from or knowledge of the owner of lands, employs a broker to procure a purchaser, he is personally liable to the broker for commissions.

In *Babcock v. Glover,* 174 S. W. (Tex. Civ. App.) 710, where a husband, owning a one-half interest in a tract of land and acting for himself and as agent for his wife, who owned the other one-half, promised to pay a broker a commission for the sale of the entire tract, it was held that the husband's obligation was joint and several and that the entire commission could be recovered from him, a situation of course very different from the one at bar.

In *Rounds v. Alee,* 116 Iowa 345, 89 N. W. 1098, the entire discussion of this question is covered in one short paragraph, which is as follows:

''It is immaterial who owned the land. If, in pursuance of a contract with defendant so to do, the plaintiff found a purchaser, to whom it was sold and conveyed, he is entitled to the commission stipulated. Hence the defendant cannot avoid liability on the ground that title was in his wife's name.''

Our attention has been called to no other authority upon this question, and, under the facts of this case, it would appear but logical to hold that the respondent, knowing that the appellant was the owner of but one-half of the property and, from the agreement, that he was only binding himself in regard to commission, can recover from the appellant but commission based on the value of the undivided one-half interest.

The judgment of the trial court is therefore reduced from $11,250 to one-half that amount, and the cause is

remanded with instructions to enter judgment in favor of the respondent against the appellant and the surety company in the sum of $5,625, with interest at six per cent per annum from June 12, 1925, and his costs and disbursements in the superior court; the appellant to recover his costs in this court.

FULLERTON, ASKREN, MAIN, and HOLCOMB, JJ., concur.