[No. 27998. Department One. August 21, 1940.]

LOUIS HENRY MILLER *et al., Appellants*, v. SISTERS OF ST. FRANCIS, *Respondent.*

LOUIS HENRY MILLER, JR., *an Infant, by Louis Henry Miller, his Guardian ad Litem, Appellant,* v. SISTERS OF ST. FRANCIS, *Respondent.*[1]

[1]Reported in 105 P. (2d) 32.

*Ralph Woods* and *Wright & Wright,* for appellants.
*Guy E. Kelly* and *S. A. Gagliardi,* for respondent.

MAIN, J.—The above entitled cases have heretofore been considered by this court (*Miller v. Mohr,* 198 Wash. 619, 89 P. (2d) 807). Before the trial in the superior court, from which the appeal was taken, they had been consolidated. One case was brought by Louis Henry Miller to recover damages for personal injuries to his son, Louis Henry Miller, Jr. In the other, the plaintiffs were Louis Henry Miller and Bertha Miller, his wife, and the purpose of the action was to recover for the loss which they had sustained, and would sustain, as the result of the injuries to their son. The defendants in both cases were the

Sisters of St. Francis, a corporation, and a former student nurse in the hospital, Louise Blair, but at the time of the trial she was Mrs. Mohr, and will be herein referred to as such.

The trial in the superior court resulted in a verdict and judgment in both cases for the plaintiffs. From those judgments, the defendants appealed. The judgments were reversed because the superior court had committed error in admitting two items of evidence, and the cause remanded for a new trial. Upon the second trial, the cases were again consolidated for all purposes, and the evidence which this court held was not proper was not brought in.

The plaintiff Mrs. Miller, expecting the birth of a child, was taken to the hospital and admitted there for confinement on September 11, 1932. On the following day, a male child was born. When it was nine days old, it was seriously burned about the head, while in charge of Mrs. Mohr. She had left the child in a room on an adult bed and had absented herself therefrom for a space of time about which the evidence does not agree. When she returned, the child had been burned, and it is for this injury that the actions were subsequently brought.

At the conclusion of the case of the plaintiffs, the defendants moved to strike certain testimony and for dismissal. Both of these motions were sustained, and from the judgment dismissing the actions, the plaintiffs appealed.

As to Mrs. Mohr, the plaintiffs took a voluntary nonsuit. The result is that the hospital is the only respondent upon this appeal.

The evidence which the court struck was in the record upon the former appeal and had been admitted in the superior court without objection, attention being called to this fact in the opinion.

■ The case having been here upon a former appeal, as to every question that was determined upon that appeal and as to every question that might have been determined, the opinion became what is called the law of the case upon the second trial, and cannot again be considered by this court upon a second appeal.

In *Perrault v. Emporium Department Store Co.,* 83 Wash. 578, 145 Pac. 438, it was said:

"This court has often said that it will not entertain appeals piecemeal. In an unbroken line of decisions we have consistently held that questions determined on appeal, or. which might have been determined had they been presented, will not be considered upon a second appeal of the same action. As to such questions the first appeal conclusively settles the law of the case."

The cases of *Buell v. Park Auto Transportation Co.,* 138 Wash. 678, 244 Pac. 992; *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482; *Casey v. Murphy,* 146 Wash. 90, 261 Pac. 790, and many others that might be cited, support the rule stated.

The respondent, however, says that there are three exceptions to that rule, and states them as follows: First, that the rule does not apply when the evidence is not substantially the same on the second trial of the cause as it was on the first; second, that a decision upon an appeal as to the legal effect of the evidence does not affect the power of the court on a subsequent trial to pass upon the admissibility of the evidence; and third, that, when this court remands a case for retrial, questions which were in the case on appeal, but not decided, are not thereby necessarily foreclosed and determined.

It will be admitted that the rule does not apply if the evidence on the second trial is not substantially the same as the first. As to the decision on appeal as to

the legal effect of evidence, the rule does apply with all its force and vigor. When a challenge is made to the sufficiency of the evidence to take a case to the jury, it presents a question of law and not a question of fact. Upon the former appeal in this case, there was such a challenge to the evidence, and it was urged here upon the appeal.

In *Scribner v. Palmer*, 90 Wash. 595, 156 Pac. 531, it was held that a decision as to the sufficiency of the evidence upon a former appeal became the law of the case and conclusive upon a second appeal, where the evidence was the same in all material particulars. Referring to the matter of the sufficiency of the evidence, it was there said:

"The same contention was made touching the sufficiency of the same evidence on the first appeal as now. We then held that 'the court did not err in overruling the motion for a nonsuit and in refusing to direct a verdict.' As to the sufficiency of the evidence to make a case for the jury, our decision on the first appeal settled the law of the case."

In the case of *Hoffman v. Watkins*, 89 Wash. 661, 155 Pac. 159, observations to the same effect were made as follows:

"If the evidence was sufficient to take that question to the jury then, so, also, is the evidence now before us. If it had not been considered sufficient, the case would have been dismissed for lack of proof. That decision is the law of the case."

The last two cases cited, and others that might be assembled, are definitely to the effect that there is no exception to the rule that the passing upon the legal effect of evidence forecloses the power of the superior court at a subsequent trial to pass upon the legal effect of the evidence, as contended by the respondent.

As to the third so-called exception for which the respondent contends, the rule itself, as stated in the

quotation above from the case of *Perrault v. Emporium Department Store Co.*, expressly points out that the rule applies, not only to questions raised, but to questions that might have been raised.

In the case of *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.*, 62 Wash. 436, 113 Pac. 1104, it was held that a decision by this court on a former appeal, where no question of jurisdiction was raised, was final and conclusive, and that, after a reversal and a retrial, followed by another appeal, the question of jurisdiction was foreclosed by the law of the case. The opinion, after mentioning the contentions of the appellants in that case, one of which was jurisdiction of this court, stated:

"If it were conceded that there is any merit in any of these points, the appellants are not in a position to urge them at this late date. Each one of these points was necessarily in the case when it was here before, and that was the time when they should have been raised and decided. The decision upon the other appeal was final and conclusive upon the appellants in this case as to all points which were, or could have been, raised therein."

The question of the admissibility of the testimony which the superior court on the last trial struck could have been raised upon the former appeal of this case. The opinion in this case on the former appeal, after pointing out the error in admitting the two items of evidence, states:

"Appellant vigorously contends that the trial court erred in refusing to enter judgment in appellant's favor as matter of law. Careful examination of the record convinces us that the trial court did not err in this particular. Questions were presented which should be passed upon by the trier of the facts."

Here is a distinct holding that the evidence, with the two items out, was sufficient to take the case to the jury, and that became the law of the case.

Now, as to whether the evidence upon the two trials was substantially the same, a comparison of it, as it appears in the record upon this appeal, with that as it appeared in the record upon the former appeal, shows that it is unquestionably, if not exactly, the same, in many important particulars, and the superior court erred in striking it and, after striking it, dismissing the action.

It is said, however, that, upon the second trial, the plaintiffs did not distinctly point out to the superior court that, as to the admissibility of the testimony, they were relying upon the law of the case. It may be true that, in offering the evidence and arguing its admissibility, they did not use the expression "law of the case." The trial judge made observations during the trial that showed distinctly that he was thoroughly familiar with the opinion written upon the former appeal, and recognized that it was his duty to follow it. The plaintiffs, upon the second trial, in offering the evidence, undoubtedly relied upon the opinion written upon the first appeal. To hold that, because they did not use the expression, if they did not, "law of the case," the rule does not apply, would be to draw a very fine line and give effect to form rather than substance. We now hold that the opinion written upon the former appeal was the law of the case upon the second trial, and is the law of the case upon this appeal.

The action of Mr. and Mrs. Miller for the loss which they had sustained was brought first. The complaint in that action contained an allegation that the hospital had "failed to provide said child a proper bassinet such as is commonly used for infants." Motion was made to strike this allegation, and granted. Mr. and Mrs. Miller did not elect to stand upon the complaint, but filed an amended complaint, and, subsequently, a

second amended complaint, to which an answer was filed, the issues made up, and thereafter the guardianship case was brought.

█ A hospital, even though it be a charitable institution such as the one involved in this case, is liable for failure to furnish proper equipment if damages result from that failure. This is what is called administrative negligence, as distinct from failure to exercise due care in the selecting of proper physicians and nurses.

In 5 Fletcher, Cyclopedia Corporations, 5352, § 3362, speaking of a charitable institution, it is said:

"A further distinction has been made to depend upon whether the tort grew out of a want of due performance of ministerial or administrative duties, or whether it arose from the malpractice of the physicians, nurses and others in ministering professionally to the patient. In the latter cases, provided the corporation has exercised due care in its non-delegable duty of selecting proper physicians and nurses and providing suitable appliances for them, to which reference is made hereafter, the corporation will not be liable for injury to the patient owing to the negligent performance of these professional duties. On the other hand, if the injury springs from the corporation's failure in the performance of a ministerial or administrative duty, the corporation is liable, even though the failure was due to the act of a nurse or similar professional attendant in attempting to perform the duty for the corporation."

The doctrine of this text is supported by the case law, which there is no occasion here to assemble because it seems to be a very general rule, and it would appear to us to be based upon sound reason. In the case now before us, if the hospital had furnished a bassinet in which to put the baby, its head could not have been burned in the way that the hospital and student nurse now claim that it was.

█ The defendant hospital now claims that the

plaintiffs have no right to raise that question at this time, because they did not stand upon their complaint, but accepted the motion to strike and pleaded over. In support of this, there is invoked the rule, which a number of times has been stated by this court, that one who files amended pleadings, after a motion to strike is granted or a demurrer sustained, waives his right to urge the ruling as error upon an appeal from an adverse judgment. *Goshert v. Wirth,* 130 Wash. 14, 226 Pac. 124; *Sunset Motor Co. v. Woodruff,* 130 Wash. 516, 228 Pac. 519; *Port of Seattle v. Fidelity & Deposit Co.,* 185 Wash. 247, 53 P. (2d) 740. There is an exception to that rule where a motion to strike has been granted and a demurrer sustained, if there remains a question of fact in the case, and the one to whom the ruling is adverse does not waive his right to have it reviewed on appeal by pleading over. *Scott v. Hallock,* 16 Wash. 439, 47 Pac. 968; *Federal Iron & Brass Bed Co. v. Hock,* 42 Wash. 668, 85 Pac. 418.

In the case we are now considering, after the motion to strike was granted, there remained in the complaint the allegation that the hospital had been negligent in employing, and in continuing in its employ, the student nurse. That presented a question of fact. If Mr. and Mrs. Miller had elected to stand upon their complaint after the motion to strike was granted, they would have hazarded upon an appeal the right to try that question of fact out in the event that this court sustained the ruling of the trial court. They were entitled upon this appeal to be heard as to whether the trial court correctly ruled that the motion to strike should be granted.

The judgment in both cases will be reversed, and the causes remanded to the superior court with direction to that court to grant a new trial in each.

BLAKE, C. J., and MILLARD, J., concur.

ROBINSON, J. (concurring in the result)—I am of the opinion that the trial court was clearly right in concluding that the appellants offered no substantial evidence tending to prove that the respondent hospital was negligent, either in the selection or retention of the nurse. I realize, of course, since the evidence submitted at the first trial was substantially the same as that submitted at the second, that this is equivalent to saying that we erred in holding, upon the former appeal, that a case was made for the jury as to one or both of those issues. I think we did so err. But, however that may be, the trial court was bound to follow our former opinion, since it became the law of the case. We are also bound to follow it. We have very recently held in *Buob v. Feenaughty Machinery Co.*, 4 Wn. (2d) 276, 103 P. (2d) 325:

"An equally well settled rule is that, where the weight and sufficiency of the evidence have been passed upon in a former appeal, and the evidence at a second trial is substantially the same, the decision on the former appeal is decisive in a second appeal."

This rule, however, seems to be subject to exceptions in some jurisdictions. *England v. Hospital of the Good Samaritan*, 14 Cal. (2d) 791, 97 P. (2d) 813.

But, even if we were at liberty to disregard the opinion rendered upon the former appeal and open up the whole matter for reconsideration, I would still be in favor of granting a new trial, because I have come to believe that the rule of tort non-liability of so-called charitable institutions has become an anachronism and should be no longer enforced. The only consideration that would cause me to hesitate is that so important a change in our established law ought ordinarily be made by the legislature rather than by the courts. I note, however, that, although this reason was strongly urged by a dissenting justice, it did not deter the supreme

court of California from recently abandoning the rule in a case decided some months after our opinion on the first appeal was rendered. *Silva v. Providence Hospital of Oakland,* 14 Cal. (2d) 762, 97 P. (2d) 798. I further note that, in a discussion of a similar case in 38 Columbia Law Review, 1485, 1489, it is logically contended that, since the rule was created by the courts, it may properly be modified or abandoned by them. Courts, however, rightly hesitate to make major changes in the law without some sort of advance warning or notice.

It would serve no useful purpose to here set out the reasons why the rule should be abandoned. I think it appropriate, however, to call the attention of the administrative officers of hospitals and other charitable institutions to the fact that the trend in that direction has become very strong, and that it is rapidly increasing in momentum. As indicative of this, I cite the following: *Sheehan v. North Country Community Hospital* (1937), 273 N. Y. 163, 7 N. E. (2d) 28, 109 A. L. R. 1197; 38 Columbia Law Review (1938), 1485; the *Silva* case, *supra,* decided in January, 1940, and comments on the non-liability rule appearing independently in the May 1940 issues of three of our law reviews, towit: 28 California Law Review, 530; 26 Virginia Law Review, 951; and 1 Washington and Lee Law Review, 257. The next generation of judges will surely abandon the rule if we do not.

SIMPSON, J. (concurring in the result)—I concur in the views expressed by Judge Robinson.

I dissent to that portion of the majority opinion which holds that appellants have the right to question the action of the trial court in striking the allegation contained in their original complaint to the effect that the hospital had "failed to provide said child a proper bassinet such as is commonly used for infants."