[No. 590-1. Division One—Panel 2. July 10, 1972.]

HEMISPHERE LOGGERS AND CONTRACTORS, INC., *Appellant*, v. EVERETT PLYWOOD CORPORATION, *Respondent.*

*Lindell & Carr* and *Allen Lane Carr,* for appellant.

*Lenihan, Ivers, Jensen & McAteer, James F. McAteer,* and *William F. Lenihan,* for respondent.

JAMES, J.—Hemisphere Loggers and Contractors, Inc. and Everett Plywood Corporation entered into two contracts. One contract required Hemisphere to construct logging roads and the other required Hemisphere to log timber. Both contracts required performance in conformity with Everett's timber purchase contract with the United States Forest Service. Hemisphere began performing, but ceased work before completing the projects.

Hemisphere brought this action to collect monies allegedly due under both contracts, claiming it had substantially performed but that Everett had breached both contracts. Everett countered with the claim that Hemisphere had both breached and repudiated the contracts, giving Everett the right to terminate the contracts and recover consequential damages. By answers to special interrogatories, the jury found that Everett did not breach the contracts, but that Hemisphere breached the contracts by failing to pay lienable costs of performance and taxes. The jury further found that by bringing suit Hemisphere repudiated both contracts. By general verdict, the jury found for Everett, but without awarding damages.

Hemisphere's principal argument on appeal is that the trial judge erred by failing to hold that notice under paragraph 20 of each contract was a mandatory condition precedent to Everett's terminating the contracts. Paragraph 20 provides that in the event Hemisphere "shall fail to perform any part of this contract or the Timber Sale Contract promptly" and in the manner specified, Everett may at its option terminate the contract after a period of 20 days in which Hemisphere may remedy its defaults.

The evidence establishes that on at least two occasions prior to November of 1967, Everett gave cure notices of claimed defaults in performance pursuant to paragraph 20. In each instance the claims of default were satisfactorily resolved.

On November 14, 1967, Everett again gave a cure notice of three claimed defaults in performance. On November 28, 1967, Hemisphere ceased performing under the contracts. On December 12, 1967, Hemisphere commenced this action, seeking judgment for monies allegedly due both for work completed and for "profits which would have been earned by [Hemisphere] except for the breach of the . . . contract[s] by [Everett]." On March 11, 1968, Everett notified Hemisphere that it had terminated the contracts because of various defects in performance. The notice offered no 20-day period of grace as contemplated by paragraph 20.

■ Repudiation of a contract by one party may be treated by the injured party as a breach which will excuse his own performance. *Trompeter v. United Ins. Co.*, 51 Wn.2d 133, 316 P.2d 455 (1957); 17 Am. Jur. 2d *Contracts* § 449 (1964).

> This court has held on numerous occasions that, where a party to a contract repudiates the contract, either by a positive refusal to perform before performance is due or by putting it out of his power to perform, an action for damages brought immediately is not premature. *Casey v. Murphy*, 143 Wash. 17, 253 Pac. 1078; *Hunter v. Wenatchee Land Co.*, 50 Wash. 438, 97 Pac. 494.

*McFerran v. Heroux*, 44 Wn.2d 631, 640, 269 P.2d 815 (1954).

Repudiation, however, does not of itself terminate a contract. 11 S. Williston, Contracts § 1305 (3d ed. W. Jaeger 1968). A repudiating party who is not otherwise in default may withdraw his repudiation if the injured party has not acted in reliance upon it. 17 Am. Jur. 2d *Contracts* § 451 (1964). But, if there has been a material change of position in reliance upon a repudiation, an attempted retraction comes too late. L. Simpson, Contracts § 167 (2d ed. 1965).

Whether facts have been established showing repudiation of a contract is usually a question for the jury. 17 Am. Jur. 2d *Contracts* § 443 (1964). An intent to repudiate a contract may be expressly asserted or may be circumstantially

manifested by conduct. L. Simpson, Contracts § 167 (2d ed. 1965).

 Substantial evidence supports the jury's findings that Hemisphere both breached and repudiated the contracts. The evidence also establishes that Hemisphere did not retract its repudiation prior to Everett's March 11, 1968, notice of termination. Because of Hemisphere's unretracted repudiation, Everett had the right to treat the contracts as breached and therefore had no obligation to offer a 20-day cure period as provided by paragraph 20. 17 Am. Jur. 2d *Contracts* § 449 (1964). Under the familiar "Thorndike" rule, we must affirm. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *Huzzy v. Culbert Constr. Co.*, 5 Wn. App. 581, 489 P.2d 749 (1971).

FARRIS, A.C.J., and SWANSON, J., concur.

Petition for rehearing denied September 25, 1972.

Review denied by Supreme Court November 8, 1972.