**BOISE TOWER ASSOCIATES, LLC, a Washington Limited Liability Company, Plaintiff–Appellant,**

v.

**WASHINGTON CAPITAL JOINT MASTER TRUST; a Washington Trust; Washington Capital Management, Inc., a Washington Corporation; BNY Western Trust Company, a California trust company as trustee of the Washington Capital Joint Master Trust, Defendants–Appellees.**

No. 07–35677.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2009.

Filed April 9, 2009.

Christopher C. Burke, Greener Banducci Shoemaker P.A., Erica S. Phillips, Eric S. Rossman, Rossman Law Group, PLLC, Boise, ID, for Plaintiff–Appellant.

James Len Martin, Moffatt Thomas Barrett Rock & Fields, Chtd., Boise, ID, Barry McHugh, Esquire, Elsaesser Jarzabek Anderson Marks Elliott & McHugh, Sandpoint, ID, for Defendants–Appellees.

Before: PAEZ and RAWLINSON, Circuit Judges, and COLLINS *, District Judge.

### MEMORANDUM **

Boise Tower Associates ("BTA") appeal the district court's decision granting summary judgment in favor of Washington Capital Joint Master Trust and the other defendants ("WCM"). The parties are familiar with the facts and arguments and they need not be described in this memorandum.

A district court's grant of summary judgment is reviewed de novo. *Golden Gate Restaurant Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1116 (9th Cir.2008). We "may affirm on any ground supported by the record." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir.2008).

When the undisputed facts are viewed in the light most favorable to BTA, it is clear that BTA breached the contract between BTA and WCM by failing to fulfill a condition precedent to the contract.

■ As the district court did, we assume without deciding that WCM anticipatorily breached the contract with BTA by asserting that, under the original contract, Mortenson was required to be party to a labor union contract under the original contract. We conclude, however, that WCM effectively nullified any repudiation when it offered to extend the loan closure date in early January 2002 and BTA accepted the benefits of that extension by acknowledging it in an email to the Capital City Development Corporation (CCDC), assuring CCDC that the loan was going forward. *See Hemisphere Loggers & Contractors, Inc. v. Everett Plywood Corp.*, 7 Wash.App. 232, 499 P.2d 85, 87 (1972).

■ With this established, we turn to WCM's argument that BTA never met the condition precedent to the contract between BTA and WCM that "as a condition of closing the loan, all work to be performed at the site of construction shall be performed by AFL–CIO building trades union labor." Prior to WCM's repudiation, BTA failed to satisfy this condition prece-

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dent of the loan commitment by having a subcontractor work on the project who was not a party to an approved labor contract. The subcontractor working on the project was not a party to an approved labor contract before the first extension date of December 31, 2001. Nor was the subcontractor working on the project party to an approved labor contract before the final extension date of January 31, 2002. Because BTA failed to satisfy this condition precedent and, in doing so, breached its contract with WCM, we need not decide whether BTA also failed to satisfy the other conditions of the contract.

**AFFIRMED.**