IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BRUCE A. RICK AND JOANNE COMINS RICK, | ) ) ) | No. 31106-6-III |
| Respondents, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| PROSSER SCHOOL DISTRICT NO. 116, | ) ) ) | |
| Appellant. | ) ) | |

KORSMO, C.J. — Prosser School District No. 116 (District) appeals a ruling

denying its motion to partially set aside a settlement and recover fees paid under the

agreement. We affirm.

## FACTS

The parties have a long litigation history. The underlying dispute between them

has dragged on for over eight years through multiple cause numbers and legal forums.

This appeal deals only with a small sliver of the years of legal sparring—the 2006

agreement settling Office of the Superintendent of Public Instruction (OSPI) Nos. 2005-

SE-0138 and 2006-SE-0021.

The settlement agreement at issue came about through a letter sent to the Ricks' former attorney on July 31, 2006; the attorney accepted the agreement on the Ricks' behalf on August 11, 2006. The agreement provided that the Ricks would voluntarily dismiss OSPI No. 2005-SE-0138 and enroll their son in Prosser School District for the 2006-2007 school year. In exchange, the District would drop OSPI No. 2006-SE-0021, pay the Ricks' attorney fees up to that point, and provide two years of compensatory services to the Ricks' son.

A dispute arose over the settlement terms and the Ricks took the District to superior court to enforce the attorney fees provision. The court found that the Ricks had complied with their obligation to dismiss OSPI No. 2005-SE-0138 and ordered payment of the Ricks' fees under the settlement. The District sought reconsideration, which the court denied.

The superior court entered its orders in 2007. Rather than dismissing the case at that time, the court stayed the proceedings pending resolution of other proceedings. Five years later, 2012, the District went back to the superior court seeking rescission of the Ricks' attorney fees award and seeking damages against the Ricks in the form of attorney fees to be paid to the District. The District claims that the Ricks had breached the 2006 settlement agreement by not enrolling their son in the District and by initiating new administrative actions that the District believed were substantially similar to the previously dismissed action.

2

The superior court agreed that the Ricks breached the settlement by not enrolling their son, but found that the appropriate remedy for the breach was to excuse the District from having to provide the agreed upon two years of compensatory services. The court also refused to rescind the attorney fee award because the Ricks had performed in part by dismissing OSPI No. 2005-SE-0138. The court apparently did not believe that the subsequent administrative actions filed by the Ricks violated the settlement agreement. The District thereafter appealed to this court.

## ANALYSIS

The District raises two issues for review. First, the District argues that the court erred by not excusing the District from all performance based on the breach of the settlement agreement. Second, it argues that the superior court erred by not awarding the District equitable damages in the form of attorney fees. We will address these two issues in turn.

The District's first argument hinges on whether the lower court erred by not finding that the Ricks' subsequent administrative suits violated their agreement to dismiss OSPI No. 2005-SE-0138. A repudiatory breach will not discharge an entire contract where the breach is not significant enough to amount to a total default. *Hemisphere Loggers & Contractors, Inc. v. Everett Plywood Corp.*, 7 Wn. App. 232, 234, 499 P.2d 85 (1972); *McEachren v. Sherwood & Roberts, Inc.*, 36 Wn. App. 576, 580-81, 675 P.2d 1266 (1984). While the superior court never explicitly ruled that the Ricks' failure to

enroll their son was a nonmaterial breach, it is apparent from the record that the trial court viewed the matter as a nonmaterial partial breach.

We conclude that the court did not err in its refusal to find that the Ricks' filing of OSPI Nos. 2006-SE-0089 (hereinafter referred to as "2006 action") and 2007-SE-0111 (hereinafter "2007 action") materially breached the settlement agreement. We agree that the 2006 action was substantially similar to the original OSPI No. 2005-SE-0138 because both actions dealt with paying for placement of the Ricks' son during the 2006-2007 school year. However, the 2007 action was not substantially similar to either the original action or the 2006 action because it dealt instead with a new individualized education plan and placement of the Ricks' son during a different school year.

Regardless of the similarities, no breach occurred because the settlement agreement did not require the Ricks to dismiss their original action with prejudice. The agreement called for voluntary dismissal, which is generally understood to be without prejudice. *See, e.g.*, CR 41(a)(4). While the agreement's failure to specify prejudice or nonprejudice probably creates a latent ambiguity that could justify opening the contract to interpretation, we need not reach that problem because the District has not presented any argument to support interpreting the contract as requiring dismissal with prejudice.

The District also argues that the equitable doctrine of unclean hands should have also worked to relieve it of its duty to pay the Ricks' attorney fees. We review equitable decisions for abuse of discretion; the District does not explain why the ruling amounts to

4

No. 31106-6-III
*Rick v. Prosser Sch. Dist.*

an abuse of discretion. *Esmieu v. Hsieh*, 92 Wn.2d 530, 535, 598 P.2d 1369 (1979). The District simply disagrees with the lower court's decision while asking this court to substitute its judgment for that of the lower court; that is something this court cannot do. *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 266, 259 P.3d 129 (2011).

Finally, the District's request for equitable damages fails for the same reason that its unclean hands argument failed. Equity is not an entitlement; it is a matter of discretion. *See id.* The District argues for an award of attorney fees as if it were appearing before a court of first instance. Because the District does not explain how the lower court's refusal to exercise its discretion was based on untenable grounds or reasons, we find that the issue is not properly presented for review.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____          _____
Brown, J.                                                      Kulik, J.

5